JOSÉ OTERO MARTÍNEZ y OTROS en representación de 25,000 servidores públicos del Estado Libre Asociado de Puerto Rico, demandantes y recurridos, *v.* CARLOS ROMERO BARCELÓ, GOBERNADOR DE PUERTO RICO; MIGUEL A. GIMÉNEZ MUÑOZ, SECRETARIO DE JUSTICIA DE PUERTO RICO y OTROS, demandados y peticionarios.

*Número:* O-77-377      *Resuelto:* 30 de noviembre de 1977

*Héctor A. Colón Cruz, Procurador General,* y *Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de los peticionarios; *Fernando E. Agrait* e *Hiram Martínez López,* abogados de los recurridos.

PER CURIAM: Los demandantes, quienes alegan ser empleados de carrera en el servicio público, han acudido en primera instancia al Tribunal Superior con una acción civil sobre sentencia declaratoria e *injunction,* encauzado este último en la Ley Núm. 12, Parte 2, de 8 de agosto de 1974, pág. 667 (32 L.P.R.A. sec. 3524).(1) Su contención central es

---

(1) Esta Ley Núm. 12 en lo pertinente dispone:

"... [E]l tribunal podrá dictar dicha orden de entredicho provisional, *injunction* preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:

(1) . . . . . . . .

(2) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las Leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o Leyes de los Estados Unidos de América que sean

que han sido afectados en su derecho de propiedad sin notificación ni vista por acción del Director de Personal quien por carta normativa de 12 de marzo de 1977 anuló su clasificación como empleados de carrera (²) y les reclasificó como empleados de confianza reclamando autoridad para ello en la nueva Ley de Personal del Servicio Público de Puerto Rico, que es la Núm. 5 de 14 de octubre de 1975. (3 L.P.R.A. sec. 1301 y ss.)

El tribunal dictó orden dirigida a los demandados requiriéndoles para mostrar causa por la que no deba concederse el *injunction* preliminar y después de oírlos en vista, dictó resolución y sentencia certificando el pleito como uno de clase bajo la Regla 20 de Procedimiento Civil y denegando la moción para desestimar la solicitud de *injunction* preliminar. Han recurrido en *certiorari* los demandados (³) Director de la Oficina de Personal y Secretarios de Gobierno y por ser caso apropiado, procedemos a resolver a tenor de la Regla 50 de nuestro Reglamento.

Ordena el Art. 7.14 de la vigente Ley de Personal del Servicio Público (3 L.P.R.A. sec. 1394) :

Sec. 1394. *Jurisdicción apelativa*

". . . [S]e podrá apelar de las acciones o decisiones de la Oficina Central, de los Administradores Individuales, y de las auto-

---

aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.

Disponiéndose además; que al dictar dicha orden el Tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes."

(²) Status adquirido por carta normativa Núm. 4–76 emitida el 30 de septiembre de 1976, por la anterior Directora de Personal al reclasificar a los demandantes quienes ocupaban puestos en el servicio sin oposición o servicio exento bajo la anterior Ley de Personal. (Núm. 345 de 12 de mayo de 1947.)

(³) La sala de instancia excluyó como partes al Gobernador y al Secretario de Justicia.

ridades nominadoras, en los casos y por las personas que se especifican a continuación:

(1) En casos de destitución o suspensión de empleo y sueldo por un empleado de carrera que esté dentro del Sistema de Personal, o cuando alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda a virtud de las disposiciones de esta ley, del Reglamento que se apruebe para instrumentar este Capítulo, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a este Capítulo. Las acciones que interpongan los empleados y que estén relacionadas con las áreas esenciales al principio de mérito, según señaladas en la sec. 1331 de este Capítulo, serán vistas en primera instancia por la Junta [de Apelaciones del Sistema de Administración de Personal]."

Y el siguiente Art. 7.16 le da contorno y cauce a la transición procesal del campo administrativo al judicial al disponer:

Sec. 1396. *Revisión judicial*

"Las decisiones de la Junta serán finales a menos que la autoridad nominadora, el ciudadano, o el funcionario o empleado solicite su revisión judicial radicando una petición al efecto.

Dicha petición se hará ante la Sala del Tribunal Superior del lugar donde resida el ciudadano o donde prestare servicios el funcionario o empleado y dentro del término de treinta (30) días a partir de la notificación de la decisión de la Junta. La jurisdicción del Tribunal Superior estará limitada a cuestiones de derecho y las conclusiones de hecho de la Junta, de estar sostenidas por evidencia sustancial, serán finales."

■ Por expresa disposición de Ley, la jurisdicción primaria para conocer de la reclamación de los demandantes reside en la Junta de Apelaciones del Sistema de Administración de Personal, que es "enteramente independiente" de la Oficina Central de Administración de Personal (3 L.P.R.A. sec. 1381), reservándose al Tribunal Superior una jurisdicción revisora limitada a cuestiones de derecho, extendida a las conclusiones de hecho de la Junta sólo en caso de no estar las mismas sostenidas por evidencia sustancial. Por no haber los demandantes acudido en primera instancia a la Junta, el

Tribunal Superior carece de jurisdicción para entender en su caso. *E.L.A.* v. *12,974.78 Metros Cuadrados,* 90 D.P.R. 506, 511 *et seq.* (1964).

El recurso de *injunction* para impedir que se prive a una persona de algún derecho, privilegio o inmunidad protegido por la Constitución o las Leyes del Estado Libre Asociado de Puerto Rico y por la Constitución o Leyes de los Estados Unidos de América aplicables a las personas que estén bajo la jurisdicción del Estado Libre Asociado de Puerto Rico, autorizado por Ley Núm. 12, Parte 2, de 8 de agosto de 1974, pág. 667 (32 L.P.R.A. sec. 3524) no ha desplazado ni es substituto del procedimiento de apelación y revisión de decisiones en la esfera administrativa. Tampoco está supeditado a normas de jurisdicción primaria y agotamiento de la vía administrativa. Su posición, más bien que de competencia, es la de coexistencia con aquéllos y otros remedios. Pero su naturaleza es la de recurso legal extraordinario a utilizarse cuando el procedimiento ordinario no provea un remedio rápido, adecuado y eficaz, para corrección de un agravio de patente intensidad al derecho del individuo que reclame urgente reparación. Este *injunction* provisto para la pronta vindicación de derechos fundamentales, es recurso privilegiado tan eficaz en su acción como exigente en la claridad y valía del derecho reclamado. El caso de los demandantes donde su elección del recurso de sentencia declaratoria con alegaciones alternativas es indicio prima facie de cierta indefinición y falta de concreción en el derecho reclamado, no reviste ni la urgencia ni la intensidad que ameriten eludir el ordenado cauce administrativo.

*Se expedirá el auto y se anulará, por falta de jurisdicción, la resolución y sentencia dictada el 7 de septiembre de 1977 por el Tribunal Superior, Sala de San Juan.*

El Juez Asociado Señor Rigau no intervino.