TERENCE D. PIERSON MULLER I, demandante y recurrido, *v.* JOSÉ ROBERTO FEIJOÓ, DIRECTOR OFICINA CENTRAL DE ADMINISTRACIÓN DE PERSONAL, demandado y peticionario.

*Número:* 0-77-433      *Resuelto:* 9 de marzo de 1978

*José Ramón Pérez Hernández,* abogado del peticionario; *Julio Maymí Pagán,* abogado del recurrido.

*José Ramón Pérez Hernández,* abogado del peticionario; *Julio Maymí Pagán,* abogado del recurrido.

SENTENCIA

Alegando ser Empleado de Carrera por determinación de la anterior directora de la Oficina Central de Administración de Personal y por la naturaleza de su cargo, el 6 de mayo de 1977 Terence D. Pierson Muller apeló ante la Junta de Apelaciones del Sistema de Administración de Personal, solicitando orden remedial y reposesión, con pago de los haberes dejados de recibir, contra la decisión de cesantía del 14 de abril de 1977 del actual director de dicha Oficina Central José Roberto Feijoó. Previa prórroga y trámites al efecto, el allí apelado contestó la apelación quedando la vista administrativa fijada para el día 7 de septiembre de 1977.

Así las cosas, el 4 de agosto Pierson radicó ante el Tribunal Superior de Puerto Rico, Sala de San Juan, una petición de *injunction* alegando esencialmente los mismos hechos expuestos en la apelación administrativa pendiente. El 18 de dicho mes formuló ante la Junta una moción de desistimiento sin perjuicio, a la cual se opuso la parte apelada. Luego de

una vista sobre el particular, la Junta denegó el desistimiento solicitado, señalando la vista administrativa en su fondo para el 30 de septiembre de 1977. Contra dicha resolución interlocutoria administrativa, el allí apelante no solicitó reconsideración ni acudió al foro judicial.

En vista de lo expuesto, el demandado Feijoó solicitó la desestimación de la acción judicial de *injunction*, a lo cual el tribunal se negó. No conforme, radicó ante nos *certiorari*. Expedimos orden de mostrar causa por la cual no deberíamos desestimar la acción judicial interpuesta según nuestra decisión en *Otero Martínez* v. *Gobernador*, 106 D.P.R. 552 (1977).

La comparecencia de Pierson no nos convence. A tono con lo resuelto en *Otero Martínez*, supra, reiteramos la regla general de que, salvo circunstancias excepcionales, no presentes en el caso de autos, todo litigante debe agotar los remedios administrativos establecidos en la Ley de Personal de Servicio Público ello con el objeto de lograr una adecuada armonía y coordinación entre las agencias administrativas investidas con jurisdicción sobre determinado asunto y los tribunales de justicia. *Febres* v. *Feijoó*, 106 D.P.R. 696 (1978). En el caso de autos se da la anomalía adicional de que el proceso administrativo originado por Pierson, estando en una etapa madura, es abandonado por éste sin aducirse ninguna razón o fundamento para ello.

Se expide el auto solicitado y se dicta Sentencia revocándose la Resolución del Tribunal Superior, Sala de San Juan, fechada 20 de octubre de 1977 y en su lugar se desestima la acción judicial interpuesta.

Así lo pronunció y manda el Tribunal y certifica el Secretario. El Juez Asociado Señor Díaz Cruz emitió opinión disidente. El Juez Asociado Señor Rigau no intervino.

(*Fdo.*) Ernesto L. Chiesa

*Secretario*

—O—

Opinión disidente del Juez Asociado Señor Díaz Cruz.

San Juan, Puerto Rico, a 9 de marzo de 1978

El recurrido empleado público Pierson Muller presentó ante la Sala de San Juan del Tribunal Superior demanda de *injunction* contra el recurrente Director de Personal al amparo de la Ley de Derechos Civiles de Puerto Rico (Ley Núm. 12 de 8 de agosto de 1974—32 L.P.R.A. sec. 3524) en la que alega que efectivo el 30 de abril de 1977 fue despedido por el demandado de su puesto en la Oficina Central de Administración de Personal en el que estaba encargado de organizar la División de Recursos Externos para obtener fondos federales y privados de fundaciones con los cuales implementar y poner en vigor el sistema de Administración de Personal Público basado en el principio de mérito; extendiéndose en sus alegaciones en la siguiente forma:

"El demandante es un empleado de carrera del Servicio Público del Estado Libre Asociado de Puerto Rico. A la vigencia de la Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1301 y siguientes, ocupaba un puesto en el servicio sin oposición conforme a las disposiciones de la Ley #345 de 12 de mayo de 1947, según enmendada y pasó a ser empleado de carrera por no estar ocupando un puesto de los definidos como de confianza en la Oficina Central de Administración de Personal, por su anterior Directora, la señora Milagros Guzmán.

.    .    .    .    .    .    .    .

El demandante aceptó el puesto que se le ofreció en la Oficina Central de Administración bajo la promesa, de que sus funciones por no ser de carácter normativo, ni participar en la formulación de política pública correspondían a un puesto de carrera. Se le ofreció que ocuparía un puesto Regular de Carrera cuando la Ley Núm. 5 de 14 de octubre de 1975 empezara a regir. Al demandante se le creó una legítima expectativa de que sería retenido en un puesto de carrera.

El demandante adquirió su status de Empleado de Carrera de conformidad con la determinación que hizo la Directora de

Personal anterior, señora Milagros Guzmán, de no incluir el puesto de Jefe de la División de Recursos Externos (Director Ejecutivo V) en los puestos de confianza con los cuales interesaba trabajar esa oficina de conformidad con la discreción que la Ley Núm. 5 de 14 de octubre de 1975 le permitía y por no ser un empleado que participaba en la formulación de la política pública.

El 14 de abril de 1977, el demandante fue notificado por el Lic. José Roberto Feijoó, actual Director de Personal, demandado en este caso, que sus servicios con esa oficina terminarían el 30 de abril de 1977, toda vez que según la nueva determinación que él hizo sobre puestos de confianza en la Oficina de Personal, se incluyó su puesto como uno de confianza.

El demandado también le notificó al demandante en su carta del 14 de abril de 1977 que 'en el supuesto de que hubiera sido de carrera, aún estaría usted en el periodo probatorio', además que 'La necesidad de poder contar con los puestos de confianza necesarios para implementar la política pública que le ha sido encomendado a esta oficina nos lleva a la triste determinación de dar por terminados sus servicios con ésta el día 30 de abril de 1977.' Esta notificación, es discriminadora y en contravención de unos derechos adquiridos válidamente por el demandante, toda vez que él no es empleado de confianza ni los deberes de su puesto tampoco.

El puesto que ocupaba el demandante en esa oficina, nada tiene que ver con la formulación de política pública. Tampoco informaba directamente al demandado sobre sus gestiones y dicho puesto es uno de naturaleza especializada en la preparación de propuestas técnicas solicitando ayuda económica para desarrollar programas de Administración de Personal.

Al demandante le han sido violados sus derechos Constitucionales al ser clasificado como empleado de confianza por el actual Director de Personal, cuando ocupaba una plaza de empleado de carrera, no tiene otro recurso en Ley para hacer valer sus derechos constitucionales.

Las actuaciones llevadas a cabo por el demandado son discriminatorias y fueron tomadas por razones de política partidista, toda vez que el apelante tiene ideas políticas contrarias a la actual administración del Gobierno del Estado Libre Asociado y con anterioridad a ser reclutado por la señora Guzmán trabajó

con los ex-alcaldes. Wito Morales en Ponce y Angel O. Berríos en Caguas, ambos pertenecientes al Partido Popular Democrático.

Existe una controversia real y efectiva entre el demandante y el demandado con relación a los derechos del primero en el Servicio Público. La acción tomada so color de autoridad por el demandado es ilegal, y contraria al Debido Proceso de Ley, al Derecho de Libre Asociación y Creencia, garantizados por la Constitución de los Estados Unidos de América y del Estado Libre Asociado de Puerto Rico.

La actuación del demandado es ilegal y ha colocado al demandante en un estado de indefensión ante un organismo burocrático que arbitrariamente le priva de sus derechos como empleado de carrera y le está causando daños irreparables al violarle sus derechos constitucionales.

El demandante tenía una legítima expectativa de continuar en su empleo público como empleado de carrera."

Cuando el demandante inició la acción judicial en agosto de 1977, se hallaba pendiente ante la Junta de Apelaciones del Sistema de Administración de Personal un recurso administrativo de apelación por él instado en que alegaba los mismos hechos con excepción del planteamiento sobre derechos constitucionales. El demandante desistió de esta apelación pero la Junta denegó su moción de desistimiento y anunció que retenía jurisdicción para resolver con perjuicio de todo ulterior remedio del empleado. (¹)

Contra la demanda en la acción civil presentó el demandado moción para desestimar fundada en la pendencia de la apelación ante la Junta y aduciendo que a ésta corresponde la jurisdicción primaria.

Cuando resolvimos en *Otero Martínez v. Gobernador*, 106 D.P.R. 552 (1977), que la reclamación de los empleados limitada a un cambio en la clasificación, no revestía ni la urgencia ni la intensidad que ameritasen eludir el cauce administrativo, dijimos que el *injunction* de Derechos Civiles no

---

(¹) Tal decisión de la Junta es inocua pues no puede dicho organismo coartar la elección de remedios por el apelante.

está supeditado a normas de jurisdicción primaria ni agotamiento de la vía administrativa.

La reclamación del demandante recurrido como empleado de carrera despedido sin causa justificada, que acusa discrimen político y vulneración de sus derechos constitucionales a un debido proceso de ley y a la libre asociación y creencia; señala su exposición a daños irreparables, y la anulación de su expectativa de empleo en el servicio público, sí relata "un agravio de patente intensidad al derecho del individuo que reclame urgente reparación"([2]) y su planteamiento tiene una dimensión constitucional ajena al campo especializado de la Junta de Apelaciones. *McKart* v. *United States*, 395 U.S. 185, 193-4 (1969); Davis, *Administrative Law*, Sec. 20.01 págs. 642-644; y Sec. 20.10 pág. 668, Supto. 1970.

Toda vez que la demanda plantea una cuestión justiciable bajo la Ley Núm. 12 de 8 de agosto de 1974 (32 L.P.R.A. sec. 3524) en su provisión del remedio de *injunction* "cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley . . ., esté privando . . . al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución . . .", no procede la moción para desestimar del demandado. El demandante tiene derecho a una adjudicación sobre los méritos de su solicitud.

Denegaría *certiorari*.

—O—

EN MOCIÓN DE RECONSIDERACIÓN

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

San Juan, Puerto Rico, a 12 de abril de 1978

En su demanda de *injunction* jurada por el propio recurrido y suscrita por su abogado contra el peticionario Direc-

---

([2]) *Otero Martínez*, supra.

tor de Personal al amparo de la Ley de Derechos Civiles de Puerto Rico (Ley Núm. 12 de 8 agosto, 1974—32 L.P.R.A. sec. 3524), alega el empleado público demandante que efectivo el 30 de abril de 1977 fue despedido por el demandado de su puesto en la Oficina Central de Administración de Personal en el que estaba encargado de organizar la División de Recursos Externos para obtener fondos federales y privados de fundaciones con los cuales implementar y poner en vigor el sistema de Administración de Personal Público basado en el principio de mérito, extendiéndose en sus alegaciones en la siguiente forma:

"El demandante es un empleado de carrera del Servicio Público del Estado Libre Asociado de Puerto Rico. A la vigencia de la Ley Núm. 5 de 14 de octubre de 1975, 3 L.P.R.A. sec. 1301 y siguientes, ocupaba un puesto en el servicio sin oposición conforme a las disposiciones de la Ley #345 de 12 de mayo de 1947, según enmendada, y pasó a ser empleado de carrera por no estar ocupando un puesto de los definidos como de confianza en la Oficina Central de Administración de Personal, por su anterior Directora, la señora Milagros Guzmán.

. . . . . . . .

El demandante aceptó el puesto que se le ofreció en la Oficina Central de Administración bajo la promesa, de que sus funciones por no ser de carácter normativo, ni participar en la formulación de política pública correspondían a un puesto de carrera. Se le ofreció que ocuparía un puesto Regular de Carrera cuando la Ley Núm. 5 de 14 de octubre de 1975 empezara a regir. Al demandante se le creó una legítima expectativa de que sería retenido en un puesto de carrera.

El demandante adquirió su status de Empleado de Carrera de conformidad con la determinación que hizo la Directora de Personal anterior, señora Milagros Guzmán, de no incluir el puesto de Jefe de la División de Recursos Externos (Director Ejecutivo V) en los puestos de confianza con los cuales interesaba trabajar esa oficina de conformidad con la discreción que la Ley Núm. 5 de 14 de octubre de 1975 le permitía y por no ser un empleado que participaba en la formulación de la política pública.

El 14 de abril de 1977, el demandante fue notificado por el Lic. José Roberto Feijoó, actual Director de Personal, deman-

dado en este caso, que sus servicios con esa oficina terminarían el 30 de abril de 1977, toda vez que según la nueva determinación que él hizo sobre puestos de confianza en la Oficina de Personal, se incluyó su puesto como uno de confianza.

El demandado también le notificó al demandante en su carta del 14 de abril de 1977 que 'en el supuesto de que hubiera sido de carrera, aún estaría usted en el periodo probatorio', además que 'La necesidad de poder contar con los puestos de confianza necesarios para implementar la política pública que le ha sido encomendado a esta oficina nos lleva a la triste determinación de dar por terminados sus servicios con ésta el día 30 de abril de 1977.' Esta notificación, es discriminadora y en contravención de unos derechos adquiridos válidamente por el demandante, toda vez que él no es empleado de confianza ni los deberes de su puesto tampoco.

El puesto que ocupaba el demandante en esa oficina, nada tiene que ver con la formulación de política pública. Tampoco informaba directamente al demandado sobre sus gestiones y dicho puesto es uno de naturaleza especializada en la preparación de propuestas técnicas solicitando ayuda económica para desarrollar programas de Administración de Personal.

Al demandante le han sido violados sus derechos Constitucionales al ser clasificado como empleado de confianza por el actual Director de Personal, cuando ocupaba una plaza de empleado de carrera, no tiene otro recurso en Ley para hacer valer sus derechos constitucionales.

Las actuaciones llevadas a cabo por el demandado son discriminatorias y fueron tomadas por razones de política partidista, toda vez que el apelante tiene ideas políticas contrarias a la actual administración del Gobierno del Estado Libre Asociado y con anterioridad a ser reclutado por la Señora Guzmán trabajó con los ex-alcaldes Wito Morales en Ponce y Angel O. Berríos en Caguas, ambos pertenecientes al Partido Popular Democrático.

Existe una controversia real y efectiva entre el demandante y el demandado con relación a los derechos del primero en el Servicio Público. La acción tomada so color de autoridad por el demandado es ilegal, y contraria al Debido Proceso de Ley, al Derecho de Libre Asociación y Creencia, garantizados por la Constitución de los Estados Unidos de América y del Estado Libre Asociado de Puerto Rico.

La actuación del demandado es ilegal y ha colocado al demandante en un estado de indefensión ante un organismo burocrático que arbitrariamente le priva de sus derechos como empleado de carrera y le está causando daños irreparables al violarle sus derechos constitucionales.

El demandante tenía una legítima expectativa de continuar en su empleo público como empleado de carrera."

Contra la demanda en la acción civil presentó el demandado moción para desestimar fundada en la pendencia de un recurso de apelación ante la Junta de Apelaciones del Sistema de Administración de Personal, y aduciendo que a ésta corresponde la jurisdicción primaria. La Sala de San Juan denegó la desestimación y el Director de Personal demandado recurrió ante nos en *certiorari*. Expedimos orden para mostrar causa por la que no debíamos revocar, y luego de considerar los argumentos de las partes, este Tribunal dictó sentencia el 9 marzo, 1978 anulando la resolución recurrida y desestimando la solicitud de *injunction*. (¹)

La moción de reconsideración del empleado recurrido nos convence de que los hechos de este caso merecen una solución distinta.

■ Al tiempo de iniciar el demandante la acción judicial en agosto de 1977, se hallaba pendiente ante la Junta de Apelaciones un recurso administrativo de apelación por él instado en que alegaba los mismos hechos que sirven de fundamento para su planteamiento constitucional en la petición de *injunction*, invocando protección de su derecho a un debido proceso de ley, libertad de creencia y asociación e igual protección de las leyes. El demandante desistió de esta apelación que se hallaba pendiente de vista pública, pero la Junta denegó su moción de desistimiento y anunció que retenía jurisdicción para resolver con perjuicio de todo ulterior remedio del empleado. Tal decisión de la Junta es inocua pues no puede dicho organismo coartar la elección de remedios por el

---

(¹) El Juez Asociado Señor Díaz Cruz emitió opinión disidente.

apelante, cuando el procedimiento ante ella no había avanzado al "punto donde la equidad y la conciencia requieren que se considere que [el demandante] ha hecho una elección final . . . [y que] ha renunciado su derecho al otro remedio." *Gandía* v. *Stubbe,* 34 D.P.R. 858, 867 (1926). (²)

Cuando resolvimos en *Otero Martínez* v. *Gobernador*, 106 D.P.R. 552 (1977) que la reclamación de los empleados, limitada a un cambio en la clasificación, no revestía ni la urgencia ni la intensidad que ameritasen eludir el cauce administrativo, dijimos que el *injunction* de Derechos Civiles no está supeditado a normas de jurisdicción primaria ni agotamiento de la vía administrativa. Luego en *Febres* v. *Feijoó*, 106 D.P.R. 696 (1978), sostuvimos que "al evaluar el recurso ante los tribunales de justicia contra los actos de organismos o funcionarios administrativos en los casos en que el estatuto provee una apelación dentro de la vía administrativa, debe distinguirse entre cuestiones de interpretación estatutaria en que los tribunales son especialistas, y cuestiones propias para la discreción o pericia (*expertise*) administrativa." *McKart* v. *United States*, 395 U.S. 185, 193–4 (1969).

La reclamación del demandante recurrido como empleado de carrera despedido sin causa justificada, que acusa discrimen político y vulneración de sus derechos constitucionales a un debido proceso de ley y a la libre asociación y creencia, señala su exposición a daños irreparables, y la anulación de su expectativa de empleo en el servicio público, sí relata "un agravio de patente intensidad al derecho del individuo que reclame urgente reparación" (³) y su planteamiento tiene una dimensión constitucional ajena al campo

---

(²) Hallándose la apelación administrativa de Pierson Muller todavía pendiente de vista pública cuando ejercitó la acción de *injunction,* resulta innecesario resolver si el impedimento de elección de remedios no se concreta hasta adjudicación final de uno de los pleitos por sentencia o resolución. *Gandía* v. *Stubbe,* supra, págs. 864; 866–867; *Vázquez* v. *Santos,* 40 D.P.R. 53, 57 (1929).

(³) *Otero Martínez,* supra.

especializado de la Junta de Apelaciones. *McKart* v. *United States*, supra; Davis, *Administrative Law*, Sec. 20.01 págs. 642–644; y Sec. 20.10 pág. 668, Supto. 1970.

▆▆▆ Fue a los tribunales que la Asamblea Legislativa remitió la reivindicación de derechos fundamentales garantizados por la Constitución. La Ley Núm. 12 de 8 de agosto, 1974 enmendó expresamente el Art. 678 del Enjuiciamiento Civil (32 L.P.R.A. sec. 3524) regulativo del *injunction*, autorizando este remedio precisamente en protección de derechos, privilegios e inmunidades de estirpe constitucional o estatutaria con el siguiente lenguaje en lo que a este caso concierne:

"Artículo 678.—

No podrá otorgarse un *injunction* ni una orden de entredicho:

1. . . . . . . . . .

2. . . . . . . . . .

3. Para impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico, o el cumplimiento de cualquier actuación autorizada por ley de la Asamblea Legislativa de Puerto Rico, de un funcionario público, de una corporación pública, o de una agencia pública, o de cualquier empleado o funcionario de dicha corporación o agencia, a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.

Cualquier *injunction* preliminar, permanente, o con carácter de entredicho, incluso cualquier orden para hacer efectiva la jurisdicción de un tribunal o para asegurar la efectividad de una sentencia, que se haya expedido en las circunstancias expuestas en este inciso 3 y que esté en vigor a la fecha de vigencia de esta ley o que en lo sucesivo se expidiere, será nulo e inefectivo.

Disponiéndose, sin embargo que: el tribunal podrá dictar dicha orden de entredicho provisional, *injunction* preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:

(1) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria;

(2) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las Leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o Leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.

Disponiéndose además; que al dictar dicha orden el Tribunal debe considerar el interés público envuelto y concluir que la parte peticionaria tiene una posibilidad real de prevalecer en los méritos de su petición. Dicha orden sólo tendrá vigor en el caso específico ante el tribunal y entre las partes."

■ El amplio ámbito de esta Ley de Derechos Civiles de Puerto Rico, con raíz filosófica y filológica en 42 U.S.C. sec. 1983(⁴) y con igual eficacia que la Ley del Congreso, provee en el Tribunal General de Justicia de Puerto Rico el foro apropiado para la vindicación del derecho del individuo frente al Gobierno.

■ El empleado público tiene un reconocido interés en la retención de su empleo, si dicho interés está protegido por ley o cuando las circunstancias crean una expectativa de continuidad. Es la presencia de estos factores la que determina el *interés propietario* en el empleo que protege el debido proceso de ley. *Perry* v. *Sinderman*, 408 U.S. 593 (1972); *Board of Regents of State Colleges* v. *Roth*, 408 U.S. 564 (1972). La Carta de Derechos de la Constitución del Estado Libre Asociado (Art. II, Sec. 1) declara que la dignidad del ser humano es inviolable; que todos los hombres son iguales ante la ley; y que no podrá establecerse discrimen alguno por motivo

---

(⁴) Sec. 1983. *Civil action for deprivation of rights.*

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas e instruyendo que las leyes encarnarán estos principios de esencial igualdad humana. Impartimos vitalidad al principio enunciado cuando resolvimos en *Báez Cancel* v. *Alcalde, Mun. de Guaynabo*, 100 D.P.R. 982 (1972) que aun los empleados irregulares, no permanentes, del Gobierno en sus agencias y municipios, están constitucionalmente protegidos en sus empleos contra el despido discriminatorio por razón de ideas políticas. Según nuestra Constitución, por tanto, el empleado público goza de protección constitucional contra el discrimen, aun cuando no pueda fundar su reclamo en un "interés propietario" en el puesto.

El remedio de *injunction* creado por dicha Ley Núm. 12 de 1974 es instrumento de vindicación de los derechos humanos o civiles del empleado, no ya contra la actuación opresiva del funcionario, sino contra la misma ley bajo la cual éste reclama legitimidad para sus determinaciones, si radicare en la ley la causa de disminución del derecho de la persona. Por eso insistimos en *Febres*, ante, que no debe tomarse la decisión en *Otero Martínez*, como excluyente del recurso judicial bajo la Ley de Derechos Civiles para cuestionar o impugnar una decisión administrativa en circunstancias apropiadas. Advertimos, sin embargo, que la elección del foro judicial por empleados cuya contención propiamente debe dilucidarse en primera instancia por la vía administrativa ante la Junta de Apelaciones, es práctica nociva que los tribunales deben desalentar y abolir, exigiendo un irrecusable grado de autenticidad y claridad en el planteamiento constitucional al amparo de la Ley de Derechos Civiles, avalado por juramento del peticionario y la firma de su abogado bajo su responsabilidad profesional. ([5]) No es acreedora a vista en los

---

([5]) Regla 9 de Procedimiento Civil

". . . La firma de un abogado equivale a certificar el haber leído la alegación; que de acuerdo con su mejor conocimiento, información y creencia está bien fundada; y que no ha sido interpuesta para causar demora. Si una alegación no estuviere firmada, o lo hubiere sido con el propósito de

méritos la demanda o petición que de su faz no aduzca hechos terminantes y precisos justificativos de la opción por el remedio constitucional y preterición del cauce administrativo.

Toda vez que la demanda en el presente caso plantea una cuestión justiciable bajo la Ley Núm. 12 de 8 de agosto de 1974 (32 L.P.R.A. sec. 3524) en su provisión del remedio de *injunction* "cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley . . . esté privando . . . al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución . . . ." no procede la moción para desestimar del demandado. El demandante tiene derecho a una adjudicación sobre los méritos de su solicitud.

Con estos antecedentes y fundamentos, reconsideramos. *Se dictará sentencia dejando sin efecto la nuestra de 9 de marzo de 1978, y en su lugar anulando el auto de certiorari expedido y devolviendo a instancia para continuación de procedimientos compatibles. Confirmada.*

El Juez Asociado Señor Rigau no intervino.

---

frustrar los objetivos de esta regla, podrá ser eliminada como simulada y falsa, y el pleito podrá continuar como si no se hubiere notificado tal alegación. La violación voluntaria de esta regla por parte de un abogado dará lugar a que se le someta a acción disciplinaria."