# 98 DTA 149

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL DE SAN JUAN

CARLOS BOISSEN, NAHOMRY CURET MOLINA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Apelantes

v.

ESTADO LIBRE ASOCIADO DE P.R., PEDRO TOLEDO, EN SU CARACTER OFICIAL DE SUPERINTENDENTE DE LA POLICIA DEL E.L.A.; GLORIA GUZMAN VIRELLA, SERGIO TORRES FLORES, JOSE LUIS RIVERA PEREZ, JOSE A. VELEZ SANTIAGO, TODOS EN SU CAPACIDAD OFICIAL COMO MIEMBROS DE LA POLICIA DE P.R.
Apelados

Núm. KLAN-97-01395

San Juan, Puerto Rico, a 6 de marzo de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano, y los Jueces Giménez Muñoz y Miranda De Hostos.

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Sr. Carlos Boissen apela de una sentencia del Tribunal de Primera Instancia, Sala de Superior de San Juan, en que se desestima una demanda de daños y perjuicios por violación a derechos constitucionales, civiles y estatutarios instada contra el Estado Libre Asociado de Puerto Rico, el Superintendente y varios miembros de la Policía de Puerto Rico. Basó su reclamación en que la Policía de Puerto Rico (la Policía) se negó a ofrecerle una remuneración igual a la que devengan otros empleados que hacen el mismo trabajo y a acreditarle pasos por riesgo. El tribunal apelado basó su decisión en que el señor Boissen no había agotado los remedios administrativos antes de acudir al tribunal y en que no están presentes las circunstancias que justifican la preterición del trámite administrativo. El señor Boissen alega que el tribunal erró al desestimar la demanda porque no es necesario agotar los remedios administrativos cuando el caso está basado en la violación de derechos constitucionales.

Examinados los planteamientos de las partes y las disposiciones legales aplicables, concluimos que no erró el tribunal al desestimar la demanda por lo que procede se confirme la sentencia apelada.

### I

La controversia principal de este pleito consiste en determinar si bajo los hechos presentados en la demanda el apelante tenía que agotar los remedios administrativos disponibles antes de acudir al Tribunal o si se justifica que se le releve de ese deber.

En su demanda el apelante alega: que comenzó a trabajar en la Policía de Puerto Rico con un nombramiento de mecánico de aviación; que a pesar de esto actúa como mecánico y recibe un salario menor al que devengan otros compañeros que desempeñan las mismas funciones que él; que la Policía

de Puerto Rico se ha negado a reconocerle los pasos por riesgo a pesar de cumplir con los requisitos para ello; que desde el año 1993 ha estado realizando gestiones para que le concedan el salario y demás beneficios que según la ley y el reglamento le corresponden a las funciones que realiza sin tener éxito; y que las partes demandadas han actuado de manera ilegal, arbitraria e irrazonable, so color de autoridad, al negarle el salario y los beneficios solicitados. Invocó la violación de los derechos constitucionales consagrados en el Artículo II secciones 7 y 16 de la Constitución del Estado Libre Asociado de Puerto Rico de recibir *"igual paga por igual trabajo"*, que nadie será privado de su propiedad sin el debido proceso de ley y a la igual protección de las leyes como base de su reclamación en daños.

El tribunal celebró vista donde las partes tuvieron oportunidad de expresar sus posiciones, luego de lo cual el Estado Libre Asociado presentó moción de desestimación, basada en que no se agotaron los remedios administrativos. Dicha moción fue declarada con lugar por el tribunal y se ordenó el archivo del caso. En apelación, el señor Boissen argumenta que la violación de derechos constitucionales es una de las excepciones a la doctrina de agotamiento de remedios según lo dispuesto en *Orta v. Padilla,* **92 J.T.S. 96,** y en *Pierson Muller v. Feijóo,* 106 D.P.R. 838 (1978). Como veremos más adelante, su reclamo no se sostiene en derecho.

## II

Las doctrinas conocidas como de jurisdicción primaria y agotamiento de remedios administrativos se han desarrollado, respectivamente, para establecer el foro que corresponde inicialmente adjudicar la controversia y determinar el momento propicio para la intervención judicial. Bajo el requerimiento de agotamiento de remedios administrativos los tribunales carecen de jurisdicción hasta que el peticionario agote todos los remedios disponibles en el foro administrativo. De esta forma se permite a la agencia rectificar sus errores durante el proceso administrativo evitando la intervención judicial prematura e infundada, se logra el balance de poderes que debe existir entre las agencias administrativas y los tribunales, y se permite la compilación de un récord administrativo completo que facilite el proceso de revisión judicial de ser necesario. *Mercado Vega v. U.P.R.,* 128 D.P.R. __ (1991), **91 J.T.S. 41,** pág. 8549; *Delgado Rodríguez v. Nazario de Ferrer,* 121 D.P.R. 347, 355 (1988).

No obstante, existen diversas excepciones para justificar preterir el trámite administrativo que surgen de la ley y la jurisprudencia. Nuestro Tribunal Supremo así lo ha reconocido en circunstancias en la que existe una violación a los derechos civiles, el remedio administrativo es inadecuado, existe peligro de daño inminente o hay clara ausencia de jurisdicción administrativa. Véase, entre otros, *Guadalupe v. Saldaña,* 133 D.P.R. __ (1993), **93 J.T.S. 51,** pág. 10570.

La Ley de Procedimiento Administrativo Uniforme recoge en su sección 4.3 tanto la doctrina de agotamiento de remedios administrativos, como sus excepciones, al establecer:

*"El tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos provistos en el caso de que dicho remedio sea inadecuado, o cuando el requerir su agotamiento resultare en un daño irreparable al promovente y en el balance de intereses no se justifica agotar dichos remedios, o cuando se alegue la violación sustancial de derechos constitucionales, o cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, o cuando sea un caso claro de falta de jurisdicción de la agencia, o cuando sea un asunto estrictamente de derecho y es innecesaria la pericia administrativa."* 3 L.P.R.A. sec. 2173.

Así, pues, la violación sustancial a derechos constitucionales constituye una excepción para acudir al tribunal en lugar de seguir el proceso administrativo. Pero ese reclamo depende de que el peticionario demuestre la existencia de un agravio de patente intensidad. No basta con una mera alegación, sino que los hechos específicos alegados permitan al tribunal evaluar si procede la excepción.

La contención del apelante respecto a que el plantear alegaciones de violaciones a derechos constitucionales cae bajo una de las excepciones a la doctrina, no encuentra apoyo en la ley, ni en la jurisprudencia. En su demanda invoca diversas disposiciones constitucionales, de manera imprecisa e infundada. Los hechos alegados no demuestran urgencia de remedio o existencia de agravio de patente

intensidad. Los casos citados en apoyo a su argumento de que la alegación de cualquier violación a derechos constitucionales justifica que se le exima de agotar los remedios administrativos se distinguen del presente caso porque envuelven alegaciones sustanciales de discrimen político, aspecto que por su naturaleza no requiere de la pericia administrativa, y caen dentro de las excepciones reconocidas. Su reclamo no es de tal naturaleza.

El apelante realmente reclama mayor retribución, por pasos y funciones, por haberle sido denegados éstos por la Policía, asunto que corresponde sea evaluado por la agencia administrativa especializada. Conforme la sección 7.14 de la Ley de Personal del Servicio Público, Ley Núm. 5 de 14 de octubre de 1975, según enmendada, la Junta de Apelaciones del Sistema de Administración de Personal (J.A.S.A.P). tiene jurisdicción para revisar en primera instancia las reclamaciones de empleados relacionadas con áreas esenciales al principio de mérito, incluyendo aspectos retributivos y de mejoramiento de beneficios. Previa decisión adversa, el empleado que alegue que una acción o decisión viola las disposiciones de esa ley, de su reglamento, de los reglamentos adoptados por los administradores individuales para implementarla, acude en apelación ante J.A.S.A.P., y de su decisión a los tribunales. 3 L.P.R.A. sec. 1394. Como administrador individual, a la Policía le aplican las disposiciones de dicha ley.

En conclusión, corresponde a los foros administrativos con conocimiento especializado en las áreas esenciales del principio de mérito determinar qué derecho, si alguno, tiene el apelante antes de éste acudir al foro judicial. El apelante no ha demostrado que sus alegaciones de violaciones constitucionales sean reales, sustanciales y que constituyan un agravio de patente intensidad que justifique la preterición de la doctrina de agotar remedios administrativos. Al no estar presentes ninguna de las circunstancias que justifican el relevo del proceso administrativo, el tribunal carece de jurisdicción para intervenir en este pleito hasta tanto se diluciden los planteamientos sobre asuntos de beneficios de personal administrativamente. No erró, pues, el tribunal al desestimar la demanda.

### III
Por todo lo anterior se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General