ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JJJ ADVENTURE, LLC<br>Apelante<br><br>v.<br><br>CONSEJO DE TITULARES<br>DEL CONDOMINIO<br>ADALIGIA;<br>ASEGURADORA X<br>Apelados | KLAN202400921 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV11709<br><br>Sobre:<br>Cobro de Dinero Ordinario; Enriquecimiento Injusto |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico a 24 de octubre de 2024.

Comparece JJJ Adventure LLC, en adelante JJJ o la apelante, quien solicita que revoquemos la *Sentencia* emitida el 13 de septiembre de 2024 y notificada el día 16 del mismo mes y año. Mediante la misma el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI, desestimó la causa de acción sin perjuicio con el propósito de dirigir la reclamación de JJJ al Departamento de Asuntos del Consumidor, en adelante DACO.

Conforme la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos … [ello] con el propósito de lograr su más justo y eficiente

Número Identificador

SEN2024_____

despacho…".[1] En consideración a lo anterior, eximimos a la parte apelada de presentar su alegato en oposición.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**-I-**

JJJ presentó una *Demanda* sobre cobro de dinero ordinario y enriquecimiento injusto. Alegó, en síntesis, que mientras fue titular de un apartamento en el Condominio Adaligia, personal contratado por el Consejo de Titulares le causó daños a su inmueble. Ante la inacción del apelado, sufragó los costos de reparación de los daños causados. En consecuencia, reclama la indemnización de los perjuicios y el pago de los gastos incurridos en las reparaciones.[2]

Posteriormente, el Consejo de Titulares del Condominio Adaligia, en adelante el Consejo de Titulares o el apelado, presentó una *Solicitud de Desestimación por Falta de Jurisdicción sobre la Materia*. Arguyó que la controversia planteada por la apelante es de naturaleza administrativa. Ello obedece a que impugna actos y omisiones de la Junta de Directores del Consejo de Titulares, asunto sobre el cual DACO ostenta jurisdicción primaria exclusiva. Ante esto, solicitó al TPI abstenerse de adjudicar las controversias planteadas en la *Demanda*.[3]

En cumplimiento de una orden del TPI, JJJ se opuso a la solicitud de desestimación. Adujo que la jurisdicción primaria y exclusiva de DACO se limita a titulares de apartamentos sujetos al régimen de

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.
[2] Apéndice del apelante, págs. 1-8. Esta *Demanda* se enmendó posteriormente. *Id.*, págs. 9-17.
[3] *Id.*, págs. 18-22.

propiedad horizontal y como ya no ostenta tal condición porque vendió su apartamento, entonces no le aplica la jurisdicción administrativa de DACO.[4]

Por su parte, el apelado replicó a la oposición de *JJJ*. Insistió en su posición original de que la controversia central de la *Demanda* versa sobre actos y omisiones de la Junta de Directores del Consejo de Titulares. En consecuencia, el foro administrativo que ostenta la jurisdicción primaria y exclusiva sobre la materia es DACO. En su opinión, el que la apelante ya no sea titular del apartamento en el Condominio Adaligia es inconsecuente respecto a la controversia planteada. A efectos de la jurisdicción primaria y exclusiva de DACO, basta señalar que los daños ocurrieron cuando la apelante era titular.[5]

*JJJ* presentó dúplica a la réplica a oposición a solicitud de desestimación. Recapitulando, argumentó que el Consejo de Titulares pretende que el TPI considere su moción de desestimación como una solicitud de sentencia sumaria. A su entender, el apelado repite los mismos argumentos jurisdiccionales que presentó previamente en su solicitud de desestimación y no presentó ningún argumento de derecho válido que pueda mover al TPI a desestimar la *Demanda* por falta de jurisdicción. Finalmente, considera que no debe haber lugar a dudas de que el foro primario tiene facultad para interpretar la escritura matriz del Condominio Adaligia.[6]

En dicho contexto procesal, el TPI declaró ha lugar la solicitud de desestimación por falta de

---

[4] *Id.*, págs. 24-36.
[5] *Id.*, págs. 38-47.
[6] *Id.*, págs. 48-63.

jurisdicción primaria y desestimó la causa de acción de *JJJ* sin perjuicio. Determinó, que conforme al Artículo 65 de la Ley Núm. 129-2020 y "tomando como hecho cierto que, al momento en que surgía la causa de acción en contra del Consejo de Titulares, JJJ era el titular del inmueble sometido al régimen de propiedad horizontal, y que el condominio tiene apartamentos dedicados a uso residencial, resulta forzoso concluir que el DACO es el foro con jurisdicción primaria sobre la materia en este caso…".[7]

Insatisfecha, JJJ presentó una *Apelación* en la que invoca la comisión del siguiente error:

> ERRÓ EL TRIBUNAL A QUO AL DESESTIMAR LA CAUSA DE ACCIÓN SIN PERJUICIO E INDICAR QUE EL FORO CON JURISDICCIÓN PARA ATENDER LA RECLAMACIÓN ES EL DACO.

Luego de evaluar el escrito de la apelante y los documentos que obran en autos, estamos en posición de resolver.

-II-

A.

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo.[8] Cónsono con dicho propósito, la Regla 10.2 de Procedimiento Civil permite a un demandado presentar una moción antes de presentar su contestación a la demanda, solicitando que se desestime la misma.[9] Específicamente, la Regla 10.2 reconoce varios

---

[7] *Id.*, pág. 70.
[8] R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, 6ta. Ed., Puerto Rico, *LexisNexis* (2017), sec. 3901, pág. 411; *Casillas Carrasquillo v. ELA*, 209 DPR 240, 247 (2022).
[9] Hernández Colón, *op. cit.*, sec. 2601, pág. 305; 32 LPRA Ap. V, R. 10.2; *Casillas Carrasquillo v. ELA*, *supra*.

supuestos bajo los cuales es posible solicitar una desestimación, a saber:

> … (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable.[10]

En lo aquí pertinente, la jurisdicción sobre la materia o "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal",[11] solo puede ser otorgada o privada por el Estado, a través de sus leyes[12]. "Así pues, para privar a un tribunal de jurisdicción, es necesario que algún estatuto lo disponga expresamente o que surja de él por implicación necesaria".[13] En la medida en que cualquiera de esas condiciones acontezca, la falta de jurisdicción conlleva las siguientes consecuencias:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.[14]

---

[10] Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2. (Énfasis suplido).
[11] *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020) (citando a *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014)).
[12] *Beltrán Cintrón et al. v. ELA et al.*, *supra*; *Rodríguez Rivera v. De León Otaño, supra*; *Unisys v. Ramallo Brothers*, 128 DPR 842, 862 esc. 5 (1991).
[13] *MCS Advantage Inc. v. Fossas Blanco*, 211 DPR 135, 145 (2023) (citando a *Báez Rodríguez et al. v. ELA*, 179 DPR 231, 241 (2010); *Mun. Arecibo v. Mun. Quebradillas*, 161 DPR 109, 114 (2004); *J. Directores v. Ramos*, 157 DPR 818, 824 (2002)).
[14] *MCS Advantage Inc. v. Fossas Blanco*, *supra* (citando a *Fuentes Bonilla v. ELA et al.*, 200 DPR 364, 372- 373 (2018); J. A. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ª ed., Colombia, 2010, pág. 25).

**B.**

Los tribunales de Puerto Rico, por ser foros de jurisdicción general, de ordinario tienen autoridad para atender cualquier reclamación que presente una controversia propia de adjudicación.[15] Sin embargo, esta amplia facultad de revisión judicial se ve limitada cuando el legislador concede jurisdicción primaria a una agencia administrativa. Ello tiene el propósito de guiar a los tribunales al determinar si la cuestión de hecho a ser considerada requiere el ejercicio de la discreción administrativa o la aplicación del conocimiento especializado que la agencia posee. Bajo este último supuesto, la reclamación debe ser atendida inicialmente por el foro administrativo correspondiente.[16]

Conviene mencionar que la jurisdicción primaria contiene dos vertientes, a saber: jurisdicción primaria concurrente y jurisdicción primaria exclusiva. La jurisdicción primaria concurrente reconoce la existencia de jurisdicción tanto al foro administrativo como al foro judicial.[17] Sin embargo, el foro judicial se abstiene de atender el asunto y en cambio, permite que la agencia ejerza su jurisdicción ya que es el cuerpo administrativo especializado para entender en el asunto en controversia.[18]

---

[15] *MCS Advantage Inc. v. Fossas Blanco*, *supra*, pág. 144; *Cobra Acquisitions, LLC v. Mun. de Yabucoa*, 210 DPR 384, 394 (2022); *Mun. Arecibo v. Mun. Quebradillas*, *supra*.
[16] *Beltrán Cintrón et al. v. ELA et al.*, *supra*, pág. 103; *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 DPR 906, 921 (2001); *Delgado Rodríguez v. Nazario de Ferrer*, 121 DPR 347, 354 (1988).
[17] *MCS Advantage Inc. v. Fossas Blanco*, *supra*, págs. 146-147; *Beltrán Cintrón et al. v. ELA et al.*, *supra*, pág. 102; *Paoli Méndez v. Rodríguez*, 138 DPR 449, 469 (1995); *Colón v. Méndez, Depto. Recursos Naturales*, 130 DPR 433, 442 (1992); *Aguilú Delgado v. PR Parking System*, 122 DPR 261, 266 (1988).
[18] *MCS Advantage Inc. v. Fossas Blanco*, *supra*; *Beltrán Cintrón et al. v. ELA et al.*, *supra*, pág. 103; *Colón v. Méndez, Depto. Recursos Naturales*, *supra*, pág. 442.

Finalmente, existe jurisdicción primaria exclusiva cuando una ley solo confiere a la agencia administrativa jurisdicción sobre el asunto en controversia.[19] De modo, que cuando la jurisdicción primaria es exclusiva, es la agencia quien puede resolver en primera instancia la controversia privando a los tribunales de intervenir inicialmente en la misma.[20] Esta facultad usualmente se concede a la agencia expresamente por ley o mediante un lenguaje claro del estatuto.[21]

### C.

El Tribunal Supremo de Puerto Rico ha resuelto que los tribunales deben ser celosos guardianes de su jurisdicción, viniendo obligados a considerar dicho asunto aún en ausencia de señalamiento a esos efectos por las partes, esto es, *motu proprio*.[22] Así, el tribunal que no tiene la autoridad para atender un recurso, sólo tiene jurisdicción para así declararlo y desestimar el caso.[23] Además, si un tribunal carece de jurisdicción también carece de discreción para asumir jurisdicción donde la ley no la confiere.[24] En síntesis, la falta de jurisdicción no puede ser subsanada, ni el Tribunal puede arrogársela.[25]

---

[19] *Beltrán Cintrón et al. v. ELA et al.*, *supra*; *Paoli Méndez v. Rodríguez*, *supra*, pág. 469; *Junta Dir. Cond. Montebello v. Fernández*, 136 DPR 223, 233 (1994); *Colón v. Méndez, Depto. Recursos Naturales*, *supra*, pág. 442.
[20] *MCS Advantage Inc. v. Fossas Blanco*, *supra,* pág. 147; *Ind. Cortinera Inc. v. PR Telephone Co.*, 132 DPR 654, 659 (1993); *Otero Martínez v. Gobernador*, 106 DPR 552, 555 (1977).
[21] *MCS Advantage Inc. v. Fossas Blanco*, *supra*, pág. 147; *Mun. Arecibo v. Mun. Quebradillas*, *supra*, pág. 115.
[22] *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP v CLE*, 196 DPR 289, 296 (2016); *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 105 (2013); *Juliá v. Epifanio Vidal, S.E.*, 153 DPR 357, 362 (2001); *Vázquez v. ARPE*, 128 DPR 513, 537 (1991); *López Rivera v. Aut. de Fuentes Fluviales*, 89 DPR 414, 419 (1963).
[23] *Ruiz Camilo v. Trafon Group Inc.*, *supra*, pág. 269.
[24] *Id.*
[25] *Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); *Peerless Oil v. Hermanos Torres Pérez*, 186 DPR 239, 249 (2012); *Szendrey*

**D.**

Los Arts. 65 y 66 de la *Ley de Condominios*, en adelante Ley Núm. 129-2020,[26] así como la Regla 23 del Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022, conceden jurisdicción primaria y exclusiva al DACO para conocer y adjudicar acciones de impugnación que radiquen los titulares de un condominio en que haya al menos una unidad destinada a vivienda contra los acuerdos, omisiones, o actuaciones de la Junta de Directores, del administrador interino, del presidente y el secretario, concernientes a la administración del inmueble y su escritura matriz y reglamento.[27]

En lo que aquí concierne, el Art. 65 de la Ley Núm. 129-2020 establece que estos acuerdos, omisiones, o actuaciones podrán ser impugnados por los titulares en los siguientes supuestos:

a) cuando sean contrarios a esta Ley, la escritura matriz y reglamento del condominio;

b) cuando resulten gravemente perjudiciales a los intereses de la comunidad o a un titular;

c) cuando resulten gravemente perjudiciales para algún titular que no tenga obligación jurídica para soportarlo y no haya sido previsible al momento de la compra.[28]

**-III-**

Para la apelante erró el TPI al reconocer a DACO jurisdicción en exceso a la otorgada por el mandato legislativo. A su entender, la controversia gira en torno a un cobro de dinero y a una reclamación de

---

[26] *v. F. Castillo*, 169 DPR 873, 883 (2007); *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976).

[26] 31 LPRA sec. 1921.

[27] Arts. 65 y 66 de la Ley Núm. 129-2020 (31 LPRA secs. 1923j-1923k); Reglamento de Condominios, Reglamento Núm. 9386 de 6 de junio de 2022, Regla 23.

[28] Art. 65 de la Ley Núm. 129-2020, *supra*.

enriquecimiento injusto instadas por una persona que no es miembro del Consejo de Titulares. Por tal razón, la causa de acción en controversia no está sujeta a las disposiciones de la Ley Núm. 129-2020. En su opinión, la jurisdicción exclusiva concedida a DACO no se extiende a toda reclamación que pueda surgir contra un Consejo de Titulares.

De la norma previamente expuesta se desprende inequívocamente que DACO tiene jurisdicción primaria exclusiva para atender reclamaciones relacionadas con los actos u omisiones de la Junta de Directores y de los acuerdos del Consejo de Titulares, en casos en que los titulares sean dueños de inmuebles en condominios con al menos un apartamento residencial.

Ahora bien, el caso ante nuestra consideración es un ejemplo claro en el que DACO tiene jurisdicción primaria exclusiva. Basta examinar las alegaciones 6-12, 15-18, 21, 23, 25, 26, 28, 31 y 32, para concluir que la causa de acción de JJJ gira en torno a presuntos actos u omisiones de la Junta de Directores del Condominio Adaligia.[29] En consecuencia, estamos ante una reclamación administrativa, no judicial, que en primera instancia debe ventilarse ante DACO. En consideración a lo anterior, no erró el TPI al abstenerse de intervenir en la controversia de epígrafe.

La distinción que pretende hacer la apelante es acomodaticia y artificiosa. Consideraciones básicas de hermenéutica impiden que dejemos sin efecto el claro mandato del Art. 65 de la Ley Núm. 129-2020 para dar cabida a una interpretación no reconocida por

---

[29] Apéndice de la apelante, págs. 2-5.

autoridad alguna. "Al no existir indicio alguno de que la intención del legislador fuera crear algún tipo de distinción…",[30] no la vamos a crear nosotros.

-IV-

Por los fundamentos previamente expuesto, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El Juez Salgado Schwarz concurre por escrito. "La delegación de jurisdicción primaria exclusiva sobre este asunto a la agencia administrativa DACO es tan clara y expresa, que este Juez hubiese examinado el recurso bajo el crisol de la frivolidad y temeridad, aplicándole nuestro Reglamento a tal conducta."


                    Lcda. Lilia M. Oquendo Solís
              Secretaria del Tribunal de Apelaciones

---

[30] *Cordero Jiménez v. UPR*, 188 DPR 129, 146 (2013).