Denny Arroyo Rivera, apelante, *v.* Policía de Puerto Rico, apelada.

*Número:* AA-95-114 *Resuelto:* 22 de mayo de 1997

268

*Pedro Juan Semidey Morales*, abogado de la parte recurrente; *Edda Serrano Blasini, Subprocuradora General*, y *Francisco J. González Muñiz, Procurador General Auxiliar*, abogados de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Nos toca resolver si el foro apelativo con jurisdicción para entender en la destitución de un policía, convicto del delito de agresión agravada, es la Comisión de Investigación, Procesamiento y Apelación o la Junta de Apelaciones del Sistema de Administración de Personal.

I

El apelante Denny Arroyo Rivera se desempeñaba como policía estatal. El 5 de septiembre de 1993, mientras se encontraba franco de servicio, le propinó un puño a Amaro Hernández cuando éste le profirió, por segunda vez, palabras obscenas. El golpe le ocasionó a Hernández una fractura en la mandíbula. El 23 de agosto de 1994, el Superintendente de la Policía de Puerto Rico (en adelante Superintendente) emitió una resolución de cargos mediante la cual, por los hechos aludidos, le imputó al apelante conducta en violación al Art. XIV, Sec. 14.5, incisos (27) y (40)(c), del Reglamento de la Policía de Puerto Rico, 4 de mayo de 1981, págs. 103 y 105, que disponen lo siguiente:

*Sección 14.5—Identificación de Faltas*
 Se considerarán faltas graves las siguientes:

 27. Observar una conducta lesiva, inmoral o desordenada en detrimento del Cuerpo de la Policía.

 40. Incurrir en mal uso o abuso de autoridad, entendiéndose como actos de mal uso o abuso de autoridad los siguientes:

 c. Acometimiento y/o agresión injustificadas o excesivas.

A tenor con dicha resolución de cargos, el 26 de enero de 1995 el Superintendente ordenó la suspensión de empleo y sueldo del apelante por un término de diez (10) días.

En relación con los mismos hechos, el 2 de marzo de 1995 el Tribunal de Primera Instancia, Sala Superior de Humacao, declaró culpable al apelante por infracción al Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032 (agresión agravada), en su modalidad menos grave.[1]

Mediante una comunicación de 28 de abril de 1995, el Superintendente informó al apelante que debido a que había sido hallado culpable del delito de agresión agravada —en su modalidad grave[2]— por los hechos de 5 de septiembre de 1993, se le destituía de su puesto, conforme lo establecido en el Art. 208 del Código Político de 1902, el cual dispone, en lo pertinente, en su inciso (8):

> Queda vacante un cargo al ocurrir cualquiera de los siguientes casos, antes de vencerse el período de su duración:
>
> . . . . . . . . . .
>
> (8) Ser sentenciado por delito grave (*felony*) o por cualquier delito que implique depravación moral, o infracción de sus deberes oficiales. 3 L.P.R.A. sec. 556(8).

En la referida comunicación, se le orientó al apelante sobre su derecho a presentar una apelación ante la Junta de Apelaciones del Sistema de Administración de Personal (en adelante J.A.S.A.P.).

Presentado el correspondiente recurso de apelación, J.A.S.A.P. lo desestimó mediante una Resolución de 20 de junio de 1995 por entender que carecía de jurisdicción. Ordenó el traslado del recurso a la Comisión de Investigación, Procesamiento y Apelación (en adelante C.I.P.A.). J.A.S.A.P. basó su determinación en las disposiciones del

---

[1] El 8 de junio de 1995, el referido tribunal dictó sentencia imponiéndole al apelante el pago de una multa de quinientos dólares ($500), más las costas.

[2] El Superintendente de la Policía de Puerto Rico (en adelante Superintendente) erróneamente consideró que la modalidad era grave, cuando la convicción fue en la modalidad menos grave. Véase esc. 6 de esta opinión.

Art. 3 de la Ley Núm. 32 de 22 de mayo de 1972, según enmendada por la Ley Núm. 23 de 16 de julio de 1992 (1 L.P.R.A. sec. 173), la cual establece, en lo pertinente, que C.I.P.A. tendrá jurisdicción exclusiva para actuar como cuerpo apelativo, entre otros extremos:

> (2) en casos donde el Superintendente de la Policía o su representante autorizado haya impuesto cualquier medida o sanción disciplinaria a un miembro de la Policía en relación a la comisión de faltas leves o faltas graves según disponen las secs. 1001 *et seq.* del Título 25 y su reglamento.[3]

Además, J.A.S.A.P. instruyó al apelante sobre su derecho a solicitar la reconsideración del dictamen. El apelante no solicitó la reconsideración.

El 6 de julio de 1995, C.I.P.A. —mediante resolución— declinó atender la apelación que le había sido referida, por entender que carecía de jurisdicción sobre ésta. En su dictamen, C.I.P.A. afirmó que la destitución del apelante se debió a su convicción penal, por lo que el puesto quedó vacante conforme el Art. 208 del Código Político, *supra*, y no por faltas al Reglamento de la Policía. C.I.P.A. procedió a devolver el expediente a J.A.S.A.P. para los procedimientos pertinentes. Además, orientó al apelante sobre su derecho a solicitar una reconsideración y, posteriormente, presentar una apelación ante nos. La resolución fue notificada el 3 de agosto de 1995. El apelante no solicitó la reconsideración de esta resolución ni la apeló.[4]

---

[3] La Ley Núm. 26 de 22 de agosto de 1974 es conocida como la Ley de la Policía de Puerto Rico de 1974 (25 L.P.R.A. sec. 1001 *et seq.*).

[4] En su Resolución de 6 de julio de 1995, la Comisión de Investigación, Procesamiento y Apelación (en adelante C.I.P.A.) indicó que el apelante le sometió copia de la sentencia dictada el 8 de junio de 1995, mediante la cual se le declara culpable por infracción al Art. 95 del Código Penal, 33 L.P.R.A. sec. 4032 (agresión agravada), en su modalidad menos grave; no en su modalidad grave, como indicó el Superintendente en su comunicación de 28 de abril de 1995.

Debe señalarse, que indistintamente de que el delito de agresión agravada sea en su modalidad grave o menos grave, la agresión injustificada o excesiva es considerada falta grave en el Art. XIV, Sec. 14.5, inciso (40)(c) del Reglamento de la Policía de Puerto Rico, 4 de mayo de 1981. Además, el Art. XIV, Sec. 14.7, del referido reglamento, establece que se separará del servicio, a tenor con el Art. 208 del Código

Devuelto el caso a J.A.S.A.P., ésta remitió nuevamente el expediente a C.I.P.A. el 5 de octubre de 1995. Indicó que ya había emitido una resolución el 20 de junio de 1995, y que esa resolución había advenido final y firme debido a que el apelante no solicitó su reconsideración.

Por su parte, C.I.P.A. emitió otra resolución el 6 de octubre de 1995, notificándole al apelante lo que J.A.S.A.P. había resuelto. Por los mismos fundamentos expuestos en la Resolución de 6 de julio de 1995, C.I.P.A. reafirmó que no tenía jurisdicción para entender en el caso y ordenó su archivo.

El 2 de noviembre de 1995, el apelante solicitó la reconsideración de esta última resolución de C.I.P.A. Esta fue rechazada de plano. La resolución, a tales efectos, fue notificada el 8 de noviembre de 1995 y se archivó en autos copia de ésta en esa fecha.

El 6 de diciembre de 1995, el apelante acudió ante nos y adujo la comisión del error siguiente:

Erró la Comisión de Investigación, Procesamiento y Apelación (CIPA) al denegar tener jurisdicción en la apelación presentada por el apelante argumentando para ello que la destitución de éste no constituía una falta grave al Reglamento de la Policía de Puerto Rico. Solicitud de apelación, pág. 4.

El 22 de mayo de 1996, el apelante presentó su alegato ante nosotros. El Procurador General presentó el suyo el 13 de agosto de 1996. Con el beneficio de ambas comparecencias, pasamos a resolver.

II

Procede, en primer lugar, determinar qué foro apelativo (J.A.S.A.P. o C.I.P.A.) tiene jurisdicción para revisar la de-

Político, 3 L.P.R.A. sec. 556, a todo empleado convicto por cualquier delito grave o delito menos grave que implique depravación moral o infracción de sus deberes oficiales. Corresponde al foro apelativo administrativo, que resolvamos tiene jurisdicción, entender en el planteamiento del apelante, en cuanto a la modalidad del delito, y si procede la destitución o no.

cisión del Superintendente de destituir al policía Arroyo Rivera de su puesto por haber cometido un acto de agresión agravada.

A primera vista, parecería que la destitución que nos concierne aquí se regula por la Ley de Personal del Servicio Público de Puerto Rico. Es decir, en virtud de las disposiciones del citado Art. 208 del Código Político de 1902 y de la Sec. 4.6(8) de la Ley Núm. 5 de 14 de octubre de 1975, según enmendada, conocida como la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1336(8),[5] la convicción y sentencia por delito grave —o delito que implique depravación moral o infracción de sus deberes oficiales— constituye, como regla general, causa suficiente en derecho para la separación de un empleado gubernamental del cargo público que ocupara al momento de producirse tal convicción. *Hernández Cruz v. Sria. de Instrucción*, 117 D.P.R. 606 (1986). Si a ese empleado se le conceden los beneficios de una sentencia suspendida o libertad bajo palabra, puede, por excepción establecida en los Arts. 1–5 de la Ley Núm. 70 de 20 de junio de 1963 (3 L.P.R.A. secs. 556(a)–556(e)) continuar desempeñando el cargo que ocupaba hasta tanto el Director de la Oficina de Personal disponga otra cosa. La determinación que finalmente haga dicho funcionario estará sujeta a revisión por los canales apropiados. *Aut. Edif. Púb. v. Unión Indep. Emp. A.E.P.*, 130 D.P.R. 983, 993 (1992); *Hernández Cruz v. Sria. de Instrucción*, supra.

A J.A.S.A.P. le corresponde la jurisdicción primaria para entender en las apelaciones de las acciones o decisiones de la Oficina Central de Administración de Per-

---

[5] Dispone, en lo pertinente:
"*Sec. 1336. Retención*

. . . . . . . .

"(8) Se separará del servicio a tenor con la sec. 556 de este título a todo empleado convicto por cualquier delito grave o que implique depravación moral, o infracción de sus deberes oficiales." 3 L.P.R.A. sec. 1336(8).

sonal, de los Administradores Individuales(⁶) y de las autoridades nominadoras, en los casos siguientes:

(1) *En casos de destitución* o suspensión de empleo y sueldo por un empleado de carrera que esté dentro del Sistema de Personal, o cuando alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda a virtud de las disposiciones de este Capítulo, del reglamento que se apruebe para instrumentar este Capítulo, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a este Capítulo. Las acciones que interpongan los empleados y *que estén relacionadas con las áreas esenciales al principio de mérito*, según señaladas en la sec. 1331 de este título, serán vistas en primera instancia por la Junta. (Énfasis suplido.) Sec. 7.14(1) de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. sec. 1394(1).

 Es importante señalar que el referido inciso (8) de la Sec. 4.6 de la Ley de Personal del Servicio Público de Puerto Rico, *supra*, que dispone la separación del servicio, a tenor con el Art. 208 del Código Político de 1902, *supra*, de todo empleado convicto por cualquier delito grave, o que implique depravación moral o infracción de sus deberes oficiales, está incluido en la sección de la Ley de Personal, que regula la "retención" de los empleados del servicio público, *por lo que constituye uno de los componentes del principio de mérito*.(⁷) J.A.S.A.P., como hemos indicado, se le

---

(⁶) La Policía de Puerto Rico es un Administrador Individual. Sec. 5.3 de la Ley de Personal del Servicio Público, según enmendada, 3 L.P.R.A. sec. 1343. Como tal, tiene la responsabilidad de dirigir los asuntos relacionados con la aplicación de la Ley de Personal del Servicio Público de Puerto Rico a los miembros de dicho cuerpo. A través de la Ley de Personal, la Asamblea Legislativa le delegó a varias agencias, entre ellas la Policía de Puerto Rico, el poder para administrar los asuntos relacionados con las áreas esenciales al principio de mérito, mediante un reglamento autónomo que estuviese en armonía con los principios rectores de la ley. *Torres Arzola v. Policía de P.R.*, 117 D.P.R. 204, 210 (1986).

(⁷) El Reglamento de la Policía de Puerto Rico contiene una disposición similar en su Art. XIV, Sec. 14.7:

"Se separará del servicio a tenor con el Artículo 208 del Código Político a todo empleado convicto por cualquier delito grave o delito menos grave que implique depravación moral, o infracción de sus deberes oficiales." Art. XIV, Sec. 14.7, Reglamento de la Policía de Puerto Rico, *supra*, pág. 115.

El Art. 14, "Retención en el Servicio", del citado reglamento, contiene la referida Sec. 14.7 dentro de sus disposiciones.

confiere autoridad apelativa en primera instancia en acciones que interpongan los empleados públicos, relacionadas con los asuntos esenciales al principio de mérito, como es el caso de las apelaciones de las decisiones de agencias administrativas, de separar de sus cargos a empleados públicos, al amparo del Art. 208 del Código Político de 1902, *supra.*

■ No obstante lo anterior, en el caso específico de *policías,* debemos referirnos a la Ley Núm. 32 de 22 de mayo de 1972, según enmendada, 1 L.P.R.A. sec. 171 *et seq.* Ésta creó la C.I.P.A. con el fin de establecer un foro con jurisdicción para entender en casos en que se haya imputado mal uso o abuso de autoridad a cualquier agente del orden público, agente de rentas internas o cualquier otro funcionario de la Rama Ejecutiva autorizado para efectuar arrestos. Las funciones asignadas por la ley a la C.I.P.A. las puede ejercer en primera instancia o en apelación. *Ortiz Ruiz v. Superintendente Policía,* 132 D.P.R. 432, 439 (1993).

Antes de las enmiendas de 1992 a la Ley Núm. 32, *supra,* C.I.P.A. tenía jurisdicción

> ... como cuerpo apelativo para oír y resolver apelaciones interpuestas por los funcionarios públicos cubiertos por este Capítulo, cuando el jefe o director del organismo o dependencia de que se trate les haya impuesto cualquier medida disciplinaria en relación con actuaciones cubiertas por este Capítulo, o con faltas leves en que se haya impuesto suspensión de empleo y sueldo, o faltas graves en el caso de miembros de la Policía. Art. 2(2) de la Ley Núm. 32 de 22 de mayo de 1972, según enmendada por la Ley Núm. 22 de 15 de abril de 1976[8] (1 L.P.R.A. sec. 172(2)).

■ La posterior aprobación de la Ley Núm. 5 de 14 de octubre de 1975, Ley de Personal del Servicio Público de Puerto Rico, *supra,* creó confusión sobre el ámbito de la

---

[8] El Art. 2(2) de la Ley Núm. 32 de 22 de mayo de 1972, según enmendada, fue nuevamente enmendado por la Ley Núm. 23 de 16 de julio de 1992. Actualmente, se encuentra codificado en 1 L.P.R.A. sec. 172.

autoridad apelativa de la C.I.P.A., como resultado de la creación de J.A.S.A.P. A esta última, se le concedió la encomienda de entender y adjudicar, entre otros casos, las decisiones de gerencia de personal de los Administradores Individuales, incluso las de la Policía de Puerto Rico. La Ley Núm. 5, *supra*, no excluyó de su jurisdicción los casos en que figuran, como parte, los funcionarios de la Rama Ejecutiva autorizados para efectuar arrestos y en que se les imputa a éstos abuso y mal uso de autoridad, casos que corresponden a la jurisdicción de la C.I.P.A.

Como resultado de la anterior situación, han surgido ocasiones en que en un *mismo caso la persona perjudicada con la actuación de* un funcionario con poder de arresto, ha acudido a la C.I.P.A., y el funcionario concernido ha acudido a la J.A.S.A.P. También ha surgido confusión en determinar qué organismo, si J.A.S.A.P. o la C.I.P.A., ostentará jurisdicción apelativa para entender en decisiones de administración de personal por violaciones al Reglamento de la Policía. Este conflicto de jurisdicción ha resultado en que ambos organismos lleguen a decisiones contradictorias en un mismo caso.(9)

Para evitar los referidos conflictos jurisdiccionales entre estos organismos, la Asamblea Legislativa en 1992 enmendó la Ley Núm. 32, *supra*, a los fines de aclarar la jurisdicción apelativa de la C.I.P.A. Por razón de las enmiendas de 1992 a la Ley Núm. 32, *supra*, el Art. 3 (1 L.P.R.A. sec. 173) de ésta actualmente dispone, en lo pertinente, que:

La Comisión tendrá jurisdicción *exclusiva* para actuar como cuerpo apelativo en los casos que se especifican a continuación:
(1) En casos donde la autoridad nominadora o su representante autorizado haya impuesto cualquier medida o sanción disciplinaria a un funcionario o empleado de la Rama Ejecutiva autorizado para efectuar arrestos, en relación con actuaciones

---

(9) Exposición de Motivos de la Ley Núm. 23 de 16 de julio de 1992, Leyes de Puerto Rico, págs. 154–155.

donde se le imputa mal uso o abuso de autoridad según lo define el inciso (1) de la sec. 172 de este título, y

(2) en casos donde el Superintendente de la Policía o su representante autorizado haya impuesto cualquier medida o sanción disciplinaria a un miembro de la Policía *en relación a la comisión de* faltas leves o *faltas graves* según disponen las secs. 1001 *et seq.* del Título 25 *y su reglamento.* Todos los demás casos, incluyendo las separaciones en período probatorio, cesantías, traslados y aquéllos relacionados con áreas esenciales al principio de mérito se ventilarán ante la Junta de Apelaciones del Sistema de Administración de Personal, quien tendrá la jurisdicción primaria.([10]) (Énfasis nuestro.)

En el caso de autos, el Superintendente de la Policía informó al apelante que debido a que fue hallado culpable del delito de agresión agravada en su modalidad grave, se le destituía de su puesto, el cual quedaba vacante, conforme lo establecido en el Art. 208 del Código Político de 1902, *supra.* El Procurador General aduce, en su informe ante nos, que lo que provocó la destitución del apelante fue su convicción, no faltas al Reglamento de la Policía de Puerto Rico. Además, señala que la decisión del Superintendente de expulsar al apelante de la Policía no fue a modo de medida disciplinaria, sino que estuvo basada en el Art. 208 del Código Político, *supra*, que ordena la vacante de un cargo de manera automática e inmediata, y que es J.A.S.A.P., no la C.I.P.A., el foro apelativo con jurisdicción para atender este asunto. No le asiste la razón.

Aunque el Superintendente, al destituir al apelante, in-

---

([10]) Art. 3 de la Ley Núm. 32 de 22 de mayo de 1972, según enmendado por la Ley Núm. 23 de 16 de julio de 1992 (1 L.P.R.A. sec. 173). El Art. 2 de la citada Ley Núm. 32 fue enmendado también, disponiendo ahora lo siguiente en el primer párrafo de su segundo inciso:

"(2) Actuará como cuerpo apelativo con jurisdicción exclusiva para oír y resolver apelaciones interpuestas por los funcionarios públicos cubiertos por este Capítulo, cuando el jefe o director del organismo o dependencia de que se trate les haya impuesto cualquier medida disciplinaria en relación con actuaciones cubiertas por este Capítulo, o con faltas leves en que se haya impuesto una reprimenda o suspensión de empleo y sueldo o faltas graves en el caso de miembros de la Policía o de otras agencias que tengan reglamentación similar. También podrá entender en apelaciones interpuestas por cualquier ciudadano perjudicado por la actuación del funcionario, cuando dicho ciudadano no esté conforme con la determinación de tal funcionario." 1 L.P.R.A. sec. 172.

vocó el Art. 208 del Código Político, *supra*, los actos que dieron lugar al proceso administrativo disciplinario, y subsiguientemente a la destitución, constituyeron primordialmente unas violaciones al Reglamento de Personal de la Policía de Puerto Rico, consideradas como faltas graves. Las medidas disciplinarias impuestas por tales violaciones son apelables exclusivamente ante la C.I.P.A.

Nótese, que al apelante se le formularon cargos como faltas graves por violar los incisos (27) y (40)(c) de la Sec. 14.5 del Reglamento de Personal de la Policía de Puerto Rico, *supra*. Fue tal formulación de cargos la que activó los procedimientos administrativos contra el agente y la que determinó su carácter. Por ello, cualquier medida o sanción disciplinaria impuesta por el Superintendente de la Policía *en relación con la comisión de tales faltas graves*, según disponen la Ley Núm. 26 de 22 de agosto de 1974 (25 L.P.R.A. sec. 1001 *et seq.*) y su reglamento, debe ser atendida por la C.I.P.A. como foro apelativo con jurisdicción exclusiva sobre estos casos. Art. 3 de la Ley Núm. 32, según enmendada, *supra*.

El Superintendente dio lugar a la confusión al destituir al apelante basado en el Art. 208 del Código Político, *supra*, cuando los cargos que pusieron en marcha el proceso disciplinario se referían a la violación del Reglamento de la Policía de Puerto Rico. Una vez se condenó al apelante por el delito de agresión agravada, quedó establecida la violación reglamentaria antes imputada al apelante por el Superintendente en su formulación de cargos. Lo que procedía, entonces, era la destitución conforme los cargos imputados originalmente. Dicho de otra forma, lo que le competía más directamente al Superintendente, como jefe del cuerpo policíaco, era el asunto de la violación al Reglamento de éste. Por ello, actuó correctamente al iniciar el proceso administrativo disciplinario con la formulación de cargos por violarlo. Lógicamente, el proceso tenía que concluir también con la determinación correspondiente sobre

los cargos administrativos antes imputados. No era necesario aludir al Art. 208 del Código Político, *supra*, para tomar la decisión administrativa final de destituir.

Por otro lado, debe tenerse en cuenta el claro mandato legislativo de las enmiendas aludidas a la ley de la C.I.P.A. de 1992. Dichas enmiendas, como se ha señalado ya, tenían precisamente la intención de evitar conflictos jurisdiccionales entre agencias, como el que hubo en el caso de autos. En tales situaciones, el mandato legislativo claro es que le compete exclusivamente a la C.I.P.A. entender en los casos relativos a violaciones de la ley y el Reglamento de la Policía de Puerto Rico. Se cumple así el propósito jurídico medular de que sea la agencia especializada en determinado asunto la que lo atienda, por ser la que mejor conoce y más experiencia tiene respecto de tal asunto.

Por lo tanto, resolvemos que la C.I.P.A. es el foro apelativo adecuado para entender en la destitución del policía en el caso de autos. Es C.I.P.A. el organismo designado por el legislador para atender, con jurisdicción apelativa exclusiva, cualquier medida disciplinaria impuesta por el Superintendente de la Policía a un miembro de ese Cuerpo en relación con la comisión de faltas leves o graves al Reglamento de la Policía de Puerto Rico. Además, cuenta con un conocimiento más especializado para entender en este tipo de casos; ello logra la uniformidad en fallos y remedios similares, ordenada por el legislador. Exposición de Motivos de la Ley Núm. 23 de 16 de julio de 1992, Leyes de Puerto Rico, págs. 153–155.

## III

El Procurador General solicita la desestimación del caso de autos. Aduce que el apelante no solicitó la reconsideración de la resolución de C.I.P.A. de 6 de julio de 1995 dentro del término jurisdiccional que dispone la Sec. 3.15 de la

Ley Núm. 170 de 12 de agosto de 1988, conocida como Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.), 3 L.P.R.A. sec. 2165, por lo que ésta advino final y firme. Según el Procurador General, el apelante "[a]hora pretende, mediante el recurso de apelación presentado el 6 de diciembre de 1995 que se revise la resolución de C.I.P.A. emitida el 6 de julio de 1995, cuando la única resolución que se podría revisar es la del 6 de octubre de 1995". Informe del Procurador General, pág. 11. Tampoco le asiste la razón.

■ A la fecha en que C.I.P.A. emitió su resolución en el presente caso, la Sec. 3.15 de la L.P.A.U., *supra*, imponía la obligación de solicitar la reconsideración como requisito jurisdiccional, en los casos en que se solicitara la revisión judicial de cualquier dictamen administrativo. La disposición aludida ordenaba, en lo pertinente, que: "La moción de reconsideración será jurisdiccional para poder solicitar la revisión judicial." Íd. *Aponte v. Policía de P.R.*, 142 D.P.R. 75 (1996).[12]

En el caso ante nos, hubiese sido mandatorio solicitar la reconsideración de la resolución de C.I.P.A. de 6 de julio de 1995, como requisito jurisdiccional, si la próxima etapa apelativa de su recurso hubiese sido ante el foro judicial en revisión. Sin embargo, ello no ocurrió aquí por razón de la

---

[12] Véase *Aponte v. Policía de P.R.*, 142 D.P.R. 75, (1996), para una discusión más a fondo sobre el particular. Allí establecimos que:

"El 1ro de mayo de 1996, mediante la Ley Núm. 247 de 25 de diciembre de 1995, entró en vigor una enmienda a la Sec. 3.15 de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (en adelante L.P.A.U.), 3 L.P.R.A. sec. 2165. Ésta eliminó el requisito de presentación de la moción de reconsideración previo a una solicitud de revisión judicial.

"A tales fines, el 25 de octubre de 1995 la Comisión de lo Jurídico del Senado de Puerto Rico emitió un informe en torno al Proyecto de la Cámara 1684, en el cual expresó lo siguiente:

" 'El Artículo 4 enmienda la Sección 3.15 de la Ley de Procedimiento Administrativo Uniforme en lo referente a la moción de reconsideración ante la agencia. Se efectuaron varios cambios importantes, a saber:

" '1. se eliminó el requisito de que se presente una moción de reconsideración como paso previo obligatorio y antes de acudir al tribunal.' " Íd., pág. 79 esc. 5.

propia decisión de C.I.P.A. de 6 de julio. Es decir, que en este caso, el recurso del apelante se trasladó de un foro apelativo al otro, sin que alguno de éstos asumiera jurisdicción sobre él. Primeramente, el apelante siguió las propias indicaciones del Superintendente, al presentar su recurso de apelación ante J.A.S.A.P. Ésta ordenó su *traslado* a C.I.P.A. Ante la resolución de J.A.S.A.P., el apelante entendió que era la C.I.P.A. el organismo administrativo que atendería su apelación. Por tal razón, se allanó para que el caso continuara en la C.I.P.A. sin solicitar reconsideración a J.A.S.A.P. Luego, la C.I.P.A. declinó atender el caso y lo devolvió a J.A.S.A.P. Esta última lo remitió nuevamente a C.I.P.A., la cual instruyó al apelante sobre su derecho a apelar ante nos.

■ Fueron los propios organismos administrativos aludidos los que con sus actos indujeron a error al apelante y le privaron de un foro donde recurrir a reclamar sus derechos. Sin embargo, a pesar de lo indicado, antes de acudir a nosotros en apelación —y siguiendo las indicaciones de la propia C.I.P.A. sobre su derecho a solicitar reconsideración— el apelante, oportunamente, solicitó la reconsideración de la última resolución de la C.I.P.A. de 6 de octubre de 1995. Ésta fue declarada sin lugar por el foro apelativo. Por lo tanto, conforme la Sec. 3.15 de L.P.A.U., *supra*, vigente entonces, el apelante agotó los remedios administrativos con su solicitud de reconsideración antes de acudir al foro judicial. Oportunamente, el apelante acudió ante nos mediante el presente recurso. Asumimos jurisdicción, a tenor con el anterior Art. 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994.[13]

---

[13] El Art 3.002(e) de la Ley de la Judicatura de Puerto Rico de 1994, Leyes de Puerto Rico, pág. 2807, establece en lo pertinente:

"(e) Mediante recurso de apelación, revisará las decisiones, resoluciones y providencias dictadas por organismos, funcionarios y agencias administrativas y por subdivisiones políticas del Estado Libre Asociado de Puerto Rico que hasta la vigencia de esta Ley debían ser revisadas por el Tribunal Superior, Sala de San Juan."

En vista de los señalamientos previos, procede que C.I.P.A. asuma jurisdicción en el presente caso, por ser el foro apelativo adecuado para entender en la destitución del policía apelante.

Por los fundamentos expuestos, *se dictará sentencia para revocar la resolución de la C.I.P.A. de 6 de octubre de 1995 y para remitir el caso a dicho foro, de manera que continúen allí los procedimientos conforme con lo aquí resuelto.*

El Juez Asociado Señor Rebollo López concurrió con el resultado sin opinión escrita.