*1151 TEXTO COMPLETO DE LA SENTENCIA
Comparecen ante nos el Departamento de Educación y la Organización de Directores y Administradores Escolares, Inc. en representación de sus socios empleados del Departamento de Educación mediante sendos recursos de apelación, a los cuales se les asignaron los números KLAN-09-01368 y KLAN-09-01380, respectivamente. Por recurrir ambos recursos de la sentencia parcial emitida el 1ro de septiembre de 2009 por el Tribunal de Primera Instancia, Sala de San Juan, ordenamos su consolidación. En la referida sentencia, el tribunal a quo desestimó la demanda de injunction por entender que CASARH tiene jurisdicción exclusiva para adjudicar las reclamaciones de cada uno de los afectados por las actuaciones administrativas relacionadas a las transacciones de personal. En igual fecha, dicho foro emitió una orden en la que señaló que ordenó la reasignación del pleito a una sala de lo civil.
Oportunamente, el Departamento de Educación presentó una moción de reconsideración para solicitar al T.P. I. la desestimación total del pelito. Dicha solicitud fue acogida y denegada, posteriormente, mediante orden de 8 de septiembre de 2009.
Por los fundamentos que a continuación expondremos, se modifica la sentencia apelada, a los efectos de revocar la determinación del T.P.I. de reasignar el caso a otra sala de lo civil para ventilar la causa de acción por daños. En su lugar, ordenamos la desestimación del pelito en su totalidad. Una vez así modificada, se confirma.
I
Hechos
El 24 de julio de 2009, la Organización de Directores y Administradores Escolares, Inc. (ODAE) en representación de sus socios empleados del Departamento de Educación presentó una demanda de injunction preliminar y permanente y de sentencia declaratoria en la que, en síntesis, impugna los destaques de superintendentes, superintendentes auxiliares, facilitadores y supervisores de zona para llenar las vacantes de directores escolares, efectuados por el Departamento de Educación. Aduce que hubo irregularidades en el proceso, consistentes en falta de información y notificación adecuada a los afectados, trato desigual, no se honró la antigüedad en las transacciones de personal y violación al debido proceso de ley, por alegadamente tener éstos un derecho propietario sobre sus puestos. Igualmente, alegó violación a varios derechos constitucionales de sus representados y al principio de mérito.
A esos efectos, la parte demandante solicitó al T.P.I. que: (1) se certifique el presente pleito como uno de clase; (2) que se paralice el procedimiento que lleva a cabo el Departamento de Educación para realizar destaques y/o descensos en las escuelas a superintendentes de escuelas, superintendentes auxiliares y supervisores de zona; y (3) que se emita un injunction contra el Departamento de Educación para que dichos empleados permanezcan en las oficinas de distrito hasta tanto se resuelva finalmente el caso. Solicitó, además, que se emitiera sentencia declaratoria decretando dicho procedimiento como uno contrario a derecho y que se declare que la Ley Núm. 7 de 9 de marzo de 2009, conocida como Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Pían Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico (en adelante, Ley Núm. 7), no aplica al Departamento de Educación. Finalmente, reclamó una compensación de $10,000 para cada uno de sus representados por alegados daños y perjuicios ocasionados a éstos.
*1152 En contestación a ello, el Departamento de Educación solicitó la desestimación de la demanda por falta de legitimación activa de la parte demandante, el asunto planteado es una cuestión política y la existencia de un remedio adecuado en ley ante CASARH, el cual no se justifica preterir por no constatarse un agravio de patente intensidad a los derechos constitucionales de los empleados representados.
Una vez celebrada la vista de injunction y presentada la oposición y la correspondiente réplica a dicha solicitud de desestimación, el 1 de septiembre de 2009, el T.P.I. emitió la sentencia parcial apelada. En la misma, desestimó la demanda de injunction por entender que CASARH tiene jurisdicción exclusiva para adjudicar las reclamaciones de cada uno de los afectados relacionadas con las transacciones de personal alegadas en la demanda. En igual fecha, dicho foro emitió una orden en la que señaló que “[hjabiéndose desestimado la petición de injunction preliminar y permanente se ordena a la Secretaria Regional reasignar el pleito a una sala de lo civil”. Pág. 116 del apéndice del recurso KLAN-09-01368.
Oportunamente, el Departamento de Educación presentó una moción de reconsideración, para solicitar al T.P. I. la desestimación total del pelito. Dicha solicitud fue acogida y denegada, posteriormente, mediante orden de 8 de septiembre de 2009. Inconforme con dicha determinación, ambas partes en el pleito acuden ante nos mediante sendos recursos de apelación. En el recurso de apelación núm. KLAN-09-01368, el Departamento de Educación alega que incidió el T.P.I. al no desestimar el pleito de marras en su totalidad. Argumenta que, habiéndose declarado sin jurisdicción para ventilar el caso de autos, el foro de instancia carecía de autoridad para referir el caso a una sala ordinaria a fin de que se continúe con los procedimientos. Indica que dicha actuación es contradictoria con lo resuelto por el foro sentenciador en la sentencia parcial apelada y los fundamentos allí expuestos.
La ODAE, por su parte, en el recurso de apelación núm. KLAN-09-01380, sostiene que el foro sentenciador erró al emitir sentencia parcial desestimando la demanda de injunction al determinar que CASARH tiene jurisdicción exclusiva para adjudicar las reclamaciones de cada uno de los afectados.
II
Derecho Aplicable
A
Con el propósito de ofrecer a los empleados públicos el derecho a apelar decisiones administrativas relacionadas a su empleo, la Ley para la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico, Ley Núm. 184 de 3 de agosto de 2004 (Ley Núm. 184), 3 L.P.R.A. see. 1461 et seq, creó la Comisión Apelativa del Sistema de Recursos Humanos del Servicio Público (CASARH) en sustitución de la Junta de Apelaciones del Sistema de Administración de Personal (JASAP) y la Junta de Apelaciones del Sistema de Educación. González y otros v. Adm. de Corrección, 175 D.P.R. _ (2009), 2009 J.T.S. 35.
El Artículo 13, sección 13.13 de la Ley Núm. 184, supra, establece la jurisdicción apelativa de la CASARH. En lo pertinente, dicho artículo reza de la siguiente manera:
“Esta Comisión tendrá jurisdicción sobre las apelaciones surgidas como consecuencia de acciones o decisiones de los Administradores Individuales y los municipios en los casos y por las personas que se especifican a continuación:
(1) Cuando un empleado dentro del Sistema de Administración de los Recursos Humanos, no cubiertos por la Ley de Relaciones del Trabajo para el Servicio Público, sees. 1451 et seq. de este título [Ley Núm. 45 del 25 de febrero de 1998, según enmendada, conocida como la Ley de Relaciones del Trabajo para el Servicio Público de Puerto Rico] alegue que una acción o decisión que le afecta viola cualquier derecho que se le conceda en *1153 virtud de las disposiciones de este capítulo, de la Ley de Municipios Autónomos, sees. 4001 et seq. del Título 21, los reglamentos que se aprueben para instrumentar dichas leyes, o de los reglamentos adoptados por los Administradores Individuales para dar cumplimiento a este capítulo.
[...]”. (Énfasis nuestro.) 3 L.P.R.A. sec. 1468/.
De acuerdo a la disposición antes citada, la CASARH es el organismo al que se le confirió jurisdicción apelativa para atender los reclamos de los empleados públicos relacionados al principio de mérito regulado por la Ley del Sistema de Administración de Recursos Humanos del Servicio Público. De esta forma se atiende el propósito jurídico medular de que sea la agencia especializada en determinado asunto la que lo atienda, conforme a la autoridad delegada por ley Arroyo v. Policía de P.R., 143 D.P.R. 265, 279 (1997).
Por otro lado, la Ley Núm. 7 de 9 de marzo de 2009 titulada Ley Especial Declarando Estado de Emergencia Fiscal y Estableciendo Plan Integral de Estabilización Fiscal para Salvar el Crédito de Puerto Rico, fue aprobada con el propósito de enfrentar la crisis fiscal del Gobierno de Puerto Rico, proteger su crédito, y así reestablecer la salud fiscal del país.
Entre las medidas adoptadas por la referida ley para enfrentar la referida crisis fiscal está la reducción sustancial en la nómina gubernamental. Por ello, estableció un plan en tres (3) fases que aplicaría a todas las dependencias de la Rama Ejecutiva cuyo presupuesto se sufraga con cargo al Fondo General, excepto la Rama Judicial y la Legislativa, las corporaciones públicas, la Universidad de Puerto Rico, la Comisión Estatal de Elecciones y la Oficina de Ética Gubernamental. Véase, Exposición de Motivos y el Artículo 34 de la Ley Núm. 7.
En lo concerniente al caso de autos, la Fase III del aludido plan presupuestario contempla la congelación de todos los aumentos de sueldo, beneficios marginales y beneficios económicos a todos los empleados públicos a partir del 1ro de julio de 2009 y por los dos años fiscales siguientes. Además, suspende, por ese mismo espacio de tiempo, todas las disposiciones referentes a ascensos, traslados, movimientos de personal y distribución de tareas de manera que el único criterio para los movimientos de personal y redistribución de tareas sea la necesidad del servicio.
Con el propósito de establecer un foro para dirimir las controversias que surjan a partir de lo dispuesto en el Capítulo III de la Ley Núm. 7, supra, y lograr una solución rápida y justa de sus acciones, el Art. 46 de la referida ley dispone lo siguiente:
“Si bien los asuntos aquí contenidos están revestidos de gran interés público, es importante además velar por los derechos de los empleados afectados en cuanto a las acciones a tomarse conforme a lo dispuesto en este Capítulo III, y así brindarles la oportunidad de lograr una solución rápida y justa de sus reclamaciones.
(a) La CASARH tendrá jurisdicción para atender apelaciones surgidas como consecuencia de acciones o decisiones tomadas conforme a este Capítulo III, en todo aquello que no conllija con éste, de aquellos empleados no cubiertos por las disposiciones de la “Ley de Relaciones del Trabajo para, Servicio Público”, Ley Núm. 45 del 25 de febrero de 1998, según enmendada. Tendrá asimismo, jurisdicción apelativa voluntaria sobre los empleados no organizados sindicalmente de aquellas agencias excluidas de la aplicación de las disposiciones de la “Ley Pára la Administración de los Recursos Humanos en el Servicio Público del Estado Libre Asociado de Puerto Rico de 2004”, en cuanto a apelaciones surgidas como consecuencia de acciones o decisiones tomadas conforme a este Capítulo III, en todo aquello que no conflija con este último. Los procedimientos ante la CASARH se regirán por lo dispuesto en la Ley Núm. 184 del 3 de agosto de 2004, según enmendada, y su reglamento.” (Énfasis nuestro.)
*1154 En lo referente a las acciones o decisiones tomadas conforme al Capítulo III de la Ley Núm. 7, no hay duda de que el legislador categóricamente dispuso que la CASARH tendrá la jurisdicción sobre las apelaciones de los empleados no sindicados afectados por dichas actuaciones. Dicha conclusión queda reforzada por la premisa que establece el Artículo 46 sobre la importancia de “velar por los derechos de los empleados afectados por las acciones a tomarse”. Cónsono con ello, el mencionado artículo reconoce que a los empleados afectados se les debe brindar la oportunidad de que sus reclamaciones se solucionen en forma rápida y justa en el foro administrativo designado.
El Artículo 14 del Código Civil, 31 L.P.R.A. sec. 14, dispone que “cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu”. Siguiendo esta norma de hermenéutica, nuestro Tribunal Supremo ha reiterado que al interpretar un estatuto, los tribunales deben, de entrada, referirse al texto de la ley, pues cuando el legislador se ha manifestado con leguaje claro e inequívoco, el texto de la ley es la expresión por excelencia de la intención legislativa. Romero Barceló v. E.L.A., 169 D.P.R. 460, 476 (2006); Ortiz v. Municipio de San Juan, 167 D.P.R. 609 (2006); Departamento de Hacienda v. Telefónica, 164 D.P.R. 195 (2005). De este modo, los tribunales tenemos la obligación de respetar la voluntad del legislador expresada en la letra del estatuto, pues lo contrario equivaldría a invadir las funciones de la Asamblea Legislativa. Romero v. E.L.A., supra; J.P. v. Frente Unido I, 165 D.P.R. 445 (2005).
Cónsono con lo anterior, en Rodríguez v. Syntex, 160 D.P.R. 364, 382 (2003), se estableció lo siguiente:
“En reiteradas ocasiones, hemos expresado que al acometer nuestra función de interpretación de las leyes debemos siempre considerar cuáles fueron los propósitos perseguidos por la Asamblea Legislativa al aprobarlas. Nuestras determinaciones deberán atribuirle un sentido que asegure el resultado que originalmente se quiso obtener, en forma tal que la interpretación se ajuste al fundamento racional o fin esencial de la ley y a la política pública que la inspira. (Citas omitidas.) Es nuestra obligación fundamental en estos casos imprimirle efectividad a la intención legislativa, propiciando de esta forma la realización del propósito que persigue la ley.” (Cita omitida.)
B
La doctrina de jurisdicción primaria deslinda el campo de acción entre el foro administrativo y el judicial, en cuanto a la determinación inicial sobre un asunto en controversia. Municipio Arecibo v. Municipio Quebradillos, 163 D.P.R. 308 (2004); Asoc. Pesc. Pta. Figueras v. Pto. del Rey, 155 D.P.R. 906 (2002); Ortiz v. Panel F.E.I., 155 D.P.R. 219, 242-243 (2001). Véase, además, D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Forum, 2da. Ed., 2001, pág. 464.
Como se sabe, dicha doctrina se desdobla en dos principales vertientes, a saber, jurisdicción primaria exclusiva y jurisdicción primaria concurrente. Rivera Ortiz v. Municipio de Guaynabo, 141 D.P.R. 257, 267 (1996); Paoli Méndez v. Rodríguez, 138 D.P.R. 449, 469 (1995). En lo pertinente, la doctrina de jurisdicción primaria trata cuando en la solución de un asunto pueden intervenir tanto el foro administrativo como el judicial, por lo que tal doctrina determina qué organismo debe hacer la determinación inicial del asunto. Ortiz v. Panel F.E.I., 155 D.P.R. 219 (2001); Mun. de Caguas v. AT&T, 154 D.P.R. 401 (2001); Aguilú Delgado v. P.R. Parking System, 122 D.P.R. 261 (1988); E.L.A. v. 12,974.78 Metros Cuadrados, 90 D.P.R. 506 (1964). Es decir, la doctrina de jurisdicción primaria nos brinda el criterio para precisar el foro que tiene la facultad inicial para adjudicarlo. Fernández Quiñones, op. cit., pág. 433. La jurisdicción primaria es factor a considerar tan sólo cuando hay jurisdicción concurrente entre el' procedimiento administrativo y el sistema judicial y se aplica específicamente cuando la situación presenta “cuestiones de hechos que requieran el ejercicio de la discreción administrativa o la aplicación del conocimiento especializado que [la agencia administrativa] posee”. Mun. de Caguas v. AT&T, supra, a la pág. 410; Delgado Rodríguez v. Nazario de Ferrer, 121 D.P.R. 347 (1988); Ferrer Rodríguez v. Figueroa, 109 D.P.R. 398 (1980). “Se trata de una doctrina de deferencia a la agencia administrativa en casos de jurisdicción concurrente cuando existen razones importantes para justificar tal deferencia.” Mun. de *1155 Caguas v. AT&T, supra. La aplicación de la doctrina se fundamenta en la presunción de que las agencias están mejor equipadas para resolver asuntos de su especialización y el conocimiento adquirido por la misma con la práctica, para así obtener unos beneficios. Ortiz v. Panel F.E.I., supra. Véase, además, Fernández Quiñones, op. cit., págs. 434-435.
Por su parte, la doctrina de agotar los remedios administrativos se refiere a la etapa de un procedimiento administrativo en la que los tribunales deben intervenir para revisar la acción administrativa. Asoc. Pesc. Pta. Figueras v. Pto. del Rey, supra; Mun. de Caguas v. AT&T, supra; Aguilú Delgado v. P.R. Parking System, supra. Mediante ésta, los tribunales discrecionalmente se abstienen de revisar una actuación de una agencia gubernamental hasta tanto la persona afectada agote todos los remedios administrativos y la decisión refleje la posición final de la entidad estatal. Rivera v. E.L.A., 121 D.P.R. 582 (1988).
Ahora bien, las doctrinas de jurisdicción primaria y de agotamiento de remedios administrativos no deben confundirse con la doctrina de jurisdicción primaria exclusiva, conocida también como jurisdicción estatutaria exclusiva. Cuando la ley habilitadora sólo confiere la jurisdicción al organismo administrativo, se trata de una jurisdicción estatutaria exclusiva que limita la intervención del foro judicial a etapas revisoras. Semidey Vázquez v. ASIFAL, 111 D.P.R._(2009), 2010 J.T.S. 3. Aunque el concepto guarda semejanza con la jurisdicción primaria concurrente, es distinto en cuanto a su alcance y naturaleza. De existir tal mandato legislativo, de ordinario, los tribunales de primera instancia no tendrán autoridad para dilucidar en primera instancia las controversias que se les presenten. Rivera Ortiz v. Mun. de Guaynabo, supra, a la pág. 268. Por tanto, la jurisdicción primaria exclusiva no soslaya la revisión judicial de la cual puede ser objeto posteriormente la decisión del organismo. Id.; Junta de Directores v. Fernández, 136 D.P.R. 223 (1994).
El Tribunal Supremo ha resuelto que no es necesario que la ley utilice expresamente el vocablo “exclusiva” o que se exprese literalmente, para disponer que una agencia tenga jurisdicción exclusiva, ya que no se puede coartar la voluntad del legislador. Se trata de una jurisdicción estatutaria. En Rivera Ortiz v. Mun. de Guaynabo, supra, el Tribunal Supremo resolvió lo anteriormente expresado de la siguiente manera:
“...La llamada “jurisdicción exclusiva” ha sido también denominada “jurisdicción estatutaria”. Se trata de situaciones en que no es de aplicación la doctrina de jurisdicción primaria, debido a que la propia ley aclara que no existe jurisdicción concurrente.
[...]
Cuando existe un estatuto que expresamente le confiere jurisdicción a un órgano administrativo sobre determinado tipo de asuntos, los tribunales quedan privados de toda autoridad para dilucidar el caso en primera instancia. Además, la designación de un foro administrativo con jurisdicción exclusiva es perfectamente compatible con la revisión judicial de la cual puede ser objeto posteriormente la decisión del organismo.
[...]
Por último..., aun cuando la designación de jurisdicción exclusiva debe ser clara y precisa, el legislador no siempre utiliza el término “exclusiva”. Aunque jurisprudencialmente hemos establecido criterios para determinar cuándo estamos ante un caso de jurisdicción exclusiva, en última instancia tal designación es una facultad de la Legislatura. En este sentido, no podemos adoptar una postura tan restrictiva que tenga el efecto de, a través de nuestra función interpretativa, coartar la voluntad del legislador.” (Enfasis nuestro). Id., págs. 268-270.
Sin embargo, en el caso antes citado, el Tribunal Supremo también reconoció una excepción a la jurisdicción primaria exclusiva, a saber, si la parte demuestra la existencia de un agravio de patente intensidad a un derecho garantizado constitucionalmente. Cabe resaltar que no toda alegación que enmarque una violación a un derecho *1156 constitucional exceptuará la jurisdicción primaria exclusiva. En First Fed. Savs. v. Asoc. de Condómines, supra, a la pág. 438, nuestro más Alto Foro expresó que “[e]l mero hecho de invocar una cuestión constitucional no margina automáticamente el proceso administrativo. Aunque es a los tribunales a quienes compete toda interpretación constitucional, ello no implica que una simple alegación al efecto excluya el foro administrativo”.
Sobre el particular, la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como “Ley de Procedimiento Administrativo Uniforme del Estado libre Asociado de Puerto Rico” (L.P.A.U.), en su sección 4.3, contiene excepciones que permiten obviar el trámite administrativo y acudir directamente al foro judicial. 3 L.P. R.A. see. 2173. No obstante, nuestro Tribunal Supremo ha sido enfático al señalar que el solicitante “que pretenda desviarse del trámite administrativo, alegando violación a un derecho constitucional que le sea reconocido, tiene la obligación de demostrar que el agravio al referido derecho es de tan grave y patente intensidad, que se justifica eludir el cauce administrativo”. (Bastardillas en el original.) Guzmány otros v. E.L.A., 156 D.P.R. 693, 714 n. 19 (2002). Véase, además, Acevedo Ramos et als. v. Municipio de Aguadillo, 153 D.P.R. 788 (2001); Mercado Vega v. U.P.R. 128 D.P.R. 273 (1991); Guadalupe v. Saldaña, Pres. U.P.R., 133 D.P.R. 42 (1993).
Por otro lado, en los casos que se invoca ante el foro administrativo, como excepción, la violación sustancial de derechos constitucionales, el hecho de que sólo a los tribunales compete la interpretación constitucional, no implica que el foro administrativo quede automáticamente excluido de su atención y dictamen. Guadalupe v. Saldaña, Pres. U.P.R., supra; First Fed. Savs. v. Asoc. de Condómines, supra.
Ill
Exposición y Análisis
En el recurso KLAN-09-01368, la ODAE alega que la determinación apelada —de entender que la CASARH tiene jurisdicción exclusiva para adjudicar las reclamaciones de cada uno de los afectados por las actuaciones administrativas relacionadas con las transacciones de personal — , reduce al silencio a la parte demandante en cuanto a las actuaciones ilegales y arbitrarias y en violación a los derechos constitucionales de sus representados, realizados por la parte apelada. Argumenta que el caso de autos constituye una de las excepciones a la regla que permite preterir el cauce administrativo para concederle jurisdicción al foro judicial, ya que todo lo alegado en la demanda incide sobre los derechos constitucionales de los empleados reclamantes. No le asiste la razón. Veamos.
De la normativa antes expuesta, se desprende que la CASARH fue dotada con jurisdicción estatutaria exclusiva para atender las apelaciones referentes a las acciones o decisiones tomadas por las agencias de acuerdo con la Ley Núm. 7, supra, respecto a los empleados no cubiertos por la Ley de Relaciones del Trabajo para el Servicio Público. [1] Domínguez v. E.L.A., 2010 J.T.S. 20, 177 D.P.R._(2010). Surge, además, que su facultad apelativa se extiende a todos los derechos de los empleados así afectados. Por lo tanto, el Artículo 46 de la referida ley tuvo el efecto de privar al foro judicial de su autoridad o facultad para atender en primera instancia las controversias surgidas como consecuencia de las acciones o decisiones tomadas de conformidad con la Ley Núm. 7, supra. Al disponerse que el empleado afectado por la acción de la agencia, deberá acudir a la CASARH como foro primario, la intervención del foro judicial se aplazó hasta la etapa de la revisión del dictamen administrativo final que la CASARH emita. Aunque el Artículo 46 no establece en forma expresa la exclusividad de la jurisdicción de la CASARH en los asuntos antes mencionados, ello no altera nuestra conclusión, ya que, como mencionáramos, los tribunales no debemos darle una interpretación restrictiva a la mera omisión de dicho vocablo en el estatuto, pues de lo contrario, estaríamos menoscabando la facultad del legislador.
Advertimos que, conforme a lo resuelto por el Tribunal Supremo en Rivera Ortiz v. Mun. de Guaynabo, supra, al designar la jurisdicción de una agencia, el legislador no siempre especifica que es exclusiva, aunque así lo haya considerado. Cónsono con ello, en el caso de Junta Dir. Cond. Montebello v. Fernández, 136 D.P.R. 223, 230 (1994), el Tribunal Supremo, al hacer referencia a otros casos, expresó que “[p]ara privar a un tribunal de jurisdicción general de su autoridad para atender en algún asunto particular, es necesario que así se haya dispuesto *1157 expresamente en algún estatuto o que ello surja del mismo por implicación necesaria.” De este modo, un indicio de la exclusividad del foro administrativo es la designación de la agencia como foro apelativo, lo que el legislador dispuso expresamente en el Artículo 46 de la Ley Núm. 7, supra. Rivera Ortiz v. Mun. de Guaynabo, supra, a las págs. 26-27.
Finalmente, aunque la controversia planteada por la parte demandante no está específicamente incluida en la jurisdicción de la CASARH, en virtud del Artículo 13 de la Ley Núm. 184, supra, por disposición de una ley especial, como lo es la Ley Núm. 7, supra, se le confirió a la CASARH jurisdicción exclusiva para atender las decisiones o acciones surgidas en la aplicación del Capítulo III de dicha ley.
Por otro lado, tampoco le asiste la razón a la parte demandante en su apreciación de que la controversia planteada en el caso de autos constituye una excepción al agotamiento de remedios administrativos. Dicha doctrina de agotamiento de remedios administrativos se ciñe a aquellas instancias en que tanto el foro administrativo como el judicial poseen jurisdicción concurrente sobre el asunto o materia a dilucidarse. No empece a ello, por circunstancias excepcionales, se ha permitido que un reclamante acuda al foro judicial directamente sin recurrir primero al foro administrativo que posee la jurisdicción exclusiva sobre el asunto. La doctrina ha requerido que, para que se configure la excepción, se debe demostrar que existe un agravio de patente intensidad de los derechos constitucionales reclamados que requiere urgente reparación. La invocación de una mera lesión a los derechos constitucionales no margina automáticamente el proceso administrativo. Por tal razón, se requiere que el demandante sea específico y detallado en su reclamo constitucional para que la referida excepción pueda prevalecer y el foro judicial pueda ejercer su jurisdicción directamente sobre el asunto.
En cuanto a la causa de acción por violación a los derechos constitucionales, de la demanda de autos surgen las siguientes alegaciones específicas: (1) que el Secretario de Educación hizo unos movimientos de personal unilateralmente (alegación núm. 48, pág. 13 de la demanda); (2) que no se les otorgó a los empleados reclamantes, oportunamente, una adecuada notificación del cambio de sus “status” (íd., alegación núm. 51, pág. 14); (3) que los empleados reclamantes tienen un interés propietario sobre sus puestos permanentes (Id., alegación num. 52, pág. 15); (4) que su esfuerzo laboral ha sido menospreciado por el patrono al descenderlos a dirigir una escuela con “status” de destaque (Id., alegación núm. 53, pág. 15); y (5) que su derecho a escoger una profesión en el servicio público ha sido violentado y se ha ignorado el principio de mérito (íd., alegación núm. 54, pág. 15).
Un ponderado análisis de tales alegaciones, nos lleva a concluir que la demanda de autos no cumple con la excepción jurisdiccional apuntada, ya que, a nuestro entender, las mismas son generales, conclusorias y descarnadas. La parte demandante bien pudo detallar en su demanda la intensidad del alegado agravio a sus derechos constitucionales. No obstante, la mayoría de las alegaciones consisten de planteamientos generales sobres los derechos constitucionales provistos por la Constitución de Puerto Rico que le asisten a todas las personas. Por lo tanto, al no sostener con especificidad la alegada lesión constitucional de sus representados, la parte demandante falló en demostrar que su caso podía ser atendido directamente por el foro de instancia y, por lo tanto, preterir el cauce administrativo. Las excepciones dispuestas por la ley y la jurisprudencia no avalan tal excepción en el caso ante nuestra consideración.
Estamos ante una situación que no nos ofrece justificación en el expediente para privar a los empleados reclamantes del conocimiento pericial y “expertise” que posee la CASARH en cuanto a la interpretación de sus propias leyes y reglamentos. El injunction solicitado, como recurso legal extraordinario, no está aquí disponible, pues sólo podría “utilizarse cuando el procedimiento ordinario no provea un remedio rápido, adecuado, y eficaz, para la corrección de un agravio de patente intensidad al derecho del individuo que reclame urgente reparación.” Otero Martínez v. Gobernador, 106 D.P.R. 552, 556 (1977).
En consecuencia, al entender en los méritos de la demanda de autos, el foro a quo determinó correctamente que la CASARH tiene jurisdicción exclusiva para adjudicar las reclamaciones de cada uno de los empleados *1158 reclamantes por las actuaciones administrativas de la parte demandada. Siendo así, concluimos que no se cometió el error señalado en el recurso de apelación KLAN-09-01368.
Por su parte, en el recurso KLAN-09-01368, el Departamento de Educación alega que incidió el T.P.I. al no desestimar el pleito de marras en su totalidad. Argumenta que, habiéndose declarado sin jurisdicción para ventilar el caso de autos, el foro de instancia carecía de autoridad para referir el caso a una sala civil ordinaria para que se continúe con los procedimientos en el caso y dilucidar la causa de daños y perjuicios presentada por la parte demandante. Indica que una vez los empleados reclamantes cuestionen sus destaques ante la CASARH, tendrán la oportunidad de reclamar, a su vez, ante ese foro una compensación por los daños que alegan haber sufrido como consecuencia de las actuaciones de la parte demandada. Le asiste la razón. Veamos.
Del expediente surge que, una vez atendida la moción de reconsideración presentada por la parte demandante, el T.P.I. emitió una orden en la que, como fundamento a su determinación de declarar sin lugar la misma, indicó lo siguiente:
“...La CASARH no tiene jurisdicción exclusiva sobre la acción de daños y perjuicios. Los servidores públicos pueden recurrir al foro judicial para el reclamo de daños y perjuicios cuando no lo reclaman ante la CASARH, Ley Núm. 184 de 3 de agosto de 2004, según enmendada, Art. 13, sec. 13.9, 3 L.P.R.A. sec. 1468 (12).” (Énfasis nuestro.)
De conformidad con el texto de la Ley Núm. 184, supra, los empleados reclamantes tendrán la oportunidad de presentar su causa de acción por daños y perjuicios una vez acudan ante la CASARH para que dicho foro administrativo atienda la apelación surgida como consecuencia de las acciones tomadas por el Departamento de Educación de conformidad con el Capítulo III de la Ley Núm. 7, supra. Nótese que el Artículo al que hace alusión el T.P.I. en su sentencia sólo permite que los servidores públicos acudan al foro judicial para ventilar su reclamo de daños cuando no lo reclaman ante CASARH. En el presente caso, la parte demandante no ha acudido aún ante dicho foro administrativo a presentar su reclamo, por lo que no se ha cumplido la condición establecida por la Ley Núm. 184, supra. Para evitar alargar el proceso y causarle mayores contratiempos a los reclamantes, lo procedente es que todas sus reclamaciones sean ventiladas ante un mismo foro.
Por lo tanto, es forzoso concluir que el T.P.I. erró al no desestimar la demanda de epígrafe en su totalidad y, en su lugar, ordenar la reasignación del mismo a una sala de lo civil para ventilar la causa de acción por daños.
TV
Dictamen
Por los fundamentos antes expuestos, se modifica la sentencia apelada, a los efectos de revocar la determinación del T.P.I. de reasignar el caso a otra sala de lo civil para ventilar la causa de acción por daños. En su lugar, ordenamos la desestimación del pelito en su totalidad. Una vez así modificada, se confirma.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones
ESCOLIO 2010 DTA 60

. Ley Núm. 45 del 25 de febrero de 1998, según enmendada, 3 L.P.R.A. see. 1451 et seq.